Homer Lopez ATTWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 47539.

Court of Criminal Appeals of Texas.

May 1, 1974.

Rehearing Denied May 29, 1974.

Ramon Garcia, Edinburg, for appellant.

Fred Galindo, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of possession of marihuana.  Pun-

ishment was assessed by a jury at seven and one-half years. Appellant did not testify or offer any evidence in his behalf.

Patrolman Harris stopped the Chevrolet in which the contraband was subsequently found, advised Larson, the driver, that he had an expired license plate and issued him a traffic ticket.[1]

Officer Trevino then took over the interview and questioned Larson with regard to the ownership of the Chevrolet. Larson seemed exceptionally nervous and could not produce a title, bill of sale, or any identification that the vehicle belonged to him. Trevino detected a strong odor of marihuana emitting from the automobile and asked Larson for the key to the trunk. Larson handed him the key and, upon opening the trunk, he found approximately 197 pounds of marihuana, a rubber raft, two wooden oars, and three tire pumps.

■ We overrule appellant's contention that the marihuana in question was secured as the result of an illegal arrest and search. The driver of the vehicle was committing an offense in violation of Article 807b, Section 7, Vernon's Annotated Penal Code, at the time his car was stopped.

As for the search of the auto and its trunk, in Taylor v. State, 421 S.W.2d 403 (Tex.Cr.App.1967), this Court stated:

"Once a bona fide stop or arrest has been made for a traffic offense, the police can make an additional arrest for any other offense unexpectedly discovered during the course of the investigation. If, while questioning a motorist regarding the operation of his vehicle, an officer sees evidence of a criminal violation in open view, or *in some other manner acquires* probable cause on a more serious charge, he may arrest for

that offense and incident thereto conduct an additional search for physical evidence." (Emphasis supplied). See also Powell v. State, 502 S.W.2d 705 (Tex. Cr.App.).

In the case at bar, Trevino stated that while questioning Larson he smelled a strong odor of marihuana emitting from the trunk of the car. Thus, the trial court did not err in admitting into evidence the marihuana in question.[2] See Lewis v. State, 502 S.W.2d 699 (Tex.Cr.App.1973); Merriweather v. State, 501 S.W.2d 887 (Tex.Cr.App.1973); Leonard v. State, 496 S.W.2d 576 (Tex.Cr.App.1973); Medina v. State, 493 S.W.2d 151 (Tex.Cr.App.1973).

■ The fourth ground of error is a contention that State's Exhibit No. 14 should not have been admitted because such evidence was seized as a result of an illegal arrest and search. The exhibit is a repair order issued by Aamco Transmission Company of Austin, dated March 15, 1971, allegedly signed by appellant for mechanical work done on a 1958 Chevrolet, Serial No. 5169668. This exhibit was seized from the back seat of the 1958 Chevrolet in which the contraband was found.

We reach the same conclusion as we did in discussing the first three grounds of error.

■ Appellant further argues that said exhibit was hearsay as to appellant and was admitted without a proper predicate being laid. Trevino testified that he seized the exhibit from the back seat of the Chevrolet; that he didn't know how it got there or how long it had been there; that he didn't know who prepared the exhibit; and that he was not familiar with the signature of appellant.

The receipt was not offered for the truth of the matters stated therein; i. e.,

---

1. Appellant was not in the vehicle at the time it was stopped but earlier in the day, while it was under surveillance, he was observed driving it.

2. No issue of standing having been raised, briefed or argued by the parties, we decline to consider it sua sponte in view of our finding that the search and seizure were proper.

that appellant had the Chevrolet's transmission repaired on March 15, 1971. Trevino's testimony àbout the finding of the receipt related only to the fact that such receipt was found. See and compare Haynes v. State, 475 S.W.2d 739 (Tex.Cr. App.1972). As for the admission into evidence of the receipt itself, it was admitted for its non-testimonial value as circumstantial evidence connecting appellant to the possession of the marihuana in question and was not hearsay. See and compare Arnott v. State, 498 S.W.2d 166 (Tex.Cr. App.1973) with Phenix v. State, 488 S.W. 2d 759 (Tex.Cr.App.1973). Furthermore, we find that a proper predicate was laid for the admission of the receipt, as evidenced by Trevino's testimony.

Appellant contends by his fifth ground of error that the evidence was not sufficient to support his conviction in that the testimony of the two accomplice witnesses was not sufficiently corroborated. The testimony of Duke Price Larson and Patricia Larson, the accomplice witnesses, made out a complete case against appellant.

The rule forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender. However, the rule does require that there be other evidence tending to connect the accused with the offense committed. Anders v. State, 501 S.W.2d 665 (Tex.Cr.App.1973); Quintanilla v. State, 501 S.W.2d 329 (Tex.Cr.App.1973); Reynolds v. State, 489 S.W.2d 866 (Tex. Cr.App.); Runkle v. State, 484 S.W.2d 912 (Tex.Cr.App.); Cherb v. State, 472 S.W. 2d 273 (Tex.Cr.App.1971).

Now we apply the above test to the facts in this case. Appellant was seen driving the car in which the marihuana was being kept on the morning of March 29th. This was sufficient corroboration to connect appellant with the charged offense in compliance with Article 38.14, Vernon's Ann.C.C.P.

Next, appellant contends by his sixth ground of error that the indictment did not sufficiently apprise him of the offense with which he was charged. The indictment alleged that "appellant . . . on or about the 29th day of March . . . did then and there unlawfully possess a narcotic drug, to wit: marihuana, . . . ."

The contention is without merit. Cook v. State, 467 S.W.2d 421 (Tex.Cr.App. 1971).

Appellant contends by his seventh and eighth grounds of error that Article 725b, V.A.P.C. is unconstitutional in that it classifies marihuana as a narcotic drug and because there is a conflict between Federal and State law as to the classification of marihuana.

The contention that Article 725b, supra, is unconstitutional because it classifies marihuana as a narcotic drug has been urged previously and rejected by this Court. See Grudzien v. State, 493 S.W.2d 827 (Tex.Cr.App.1973). The contention that there is a conflict between State and Federal law as to the classification of marihuana as a narcotic drug and that Federal law should control has also been answered adversely to appellant. See Rener v. Beto, 447 F.2d 20 (5th Cir. 1971).

Appellant next contends that the trial court incorrectly defined "probable cause." In its charge to the jury, the court gave the following definition:

"By the term 'probable cause' as used herein is meant a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in his belief."

Appellant argues that the instruction failed to: "(1) Instruct the jury that said officer's beliefs must have been limited to that point in time he determined to conduct said search; (2) Instruct the jury that said officer's 'reasonable suspicions' must, have

been based on reasonably trustworthy information."

In regard to appellant's first contention the charge states:

" . . . if the police officer while questioning the motorist regarding the traffic offense acquires probable cause to believe, and does believe, that the vehicle contains narcotics possessed contrary to law, he may thereupon search the vehicle for narcotics."

No error is shown.

Regarding appellant's second contention, it was not necessary for the trial court so to instruct the jury because the searching officer (Trevino) acquired probable cause to search Larson's vehicle only *after* he smelled a strong odor of marihuana, and not upon previously received information. See discussion of grounds of error nos. 1, 2, and 3 and cases cited therein.

■ Next, appellant contends that the trial court improperly instructed the jury by misstating the law in the following portion of the court's charge:

"Once a bona fide stop or arrest has been made for a traffic offense, a police officer can make an additional arrest for any other offense thereafter discovered during the course of the investigation. Thus, if the police officer while questioning the motorist regarding the traffic offense in some manner acquires probable cause to believe, and does believe, that another offense is being committed, he may arrest for this subsequently discovered offense and conduct any necessary search incident to that arrest; or, if the police officer while questioning the motorist regarding the traffic of-

fense acquires probable cause to believe, and does believe, that the vehicle contains narcotics possessed contrary to law, he may thereupon search the vehicle for narcotics."

We find the above language to be a correct statement of the law. See Taylor v. State, supra.

■ Finally, appellant contends that the following paragraph of the court's charge was an incorrect statement of the law and was a comment on the weight of the evidence:

"Now, therefore, bearing in mind all of the foregoing instructions, if you find from the evidence, and believe beyond a reasonable doubt that the Larson vehicle was stopped in a bona fide stop or arrest for the traffic offense of operating a motor vehicle with an expired license plate, and thereafter the search of the trunk of the Larson vehicle was made by the police officer, who, while investigating the traffic offense, acquired probable cause to believe and did believe that a narcotics offense was being committed, if it was, and the police officer was searching for narcotics possessed contrary to law, if it was, then you may consider the evidence obtained by the search of the Larson vehicle."

The instruction was not an incorrect statement of the law. See Taylor v. State, supra.

We also fail to see how it could constitute a comment on the weight of the evidence. The instruction in question stated "Now, therefore . . . *if* you find from the evidence . . . ."

Finding no reversible error, the judgment is affirmed.