Benjamin Dale **ALEXANDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 55916.

Court of Criminal Appeals of Texas,
Panel No. 1.

Oct. 17, 1979.

---

William R. Cummings, New Caney, for appellant.

James H. Keeshan, Dist. Atty. and J. C. Durst, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for the possession of heroin, with intent to deliver. Punishment was assessed by the jury at 99 years confinement.

In his first ground of error, appellant contends that the evidence is insufficient to corroborate the testimony of an accomplice witness, and that, thus, the evidence is insufficient to show that he possessed the heroin. We agree.

The record reflects that on May 30, 1975, narcotics agent Raymond Jones received some information about some heroin. On the basis of that information, Officers Ray and Burns undertook surveillance at a residence on Cochran Street on the morning of May 31, 1975. Officer Jones joined them there later. Later that evening, around 8:30–8:45 p. m., Tim Fraley was arrested leaving the residence. Jones testified that the officers received information from Fraley that there was more heroin inside the house and that more drugs would be arriving later. Based on this information, the officers entered the residence. Inside the residence were Albert Fulton and his wife and Gary Alley and his girlfriend. The parties were searched, and heroin was found on Fulton and Alley. They were placed under arrest.

Officer Jones testified that the officers were told by Fulton and Alley that more drugs would be arriving later on that evening, brought by two persons referred to as "Ben" and "Bobbie" (a female), who would be driving a dark blue Cadillac, to arrive around 10:30–11:00 p. m. The officers remained at the residence on the basis of that information.

At around 11:00 p. m., a dark blue Cadillac, driven by a woman, pulled up into the driveway. The passenger in the vehicle, later identified as appellant, got out of the car and went to the front door of the residence. He was asked inside. Meanwhile, an officer approached the driver of the car,

later identified as Bobbie, and brought her into the house also. Inside the residence, "Ben," or appellant, was searched. No contraband was found on him. Bobbie was also searched, and two small packets, later found to contain heroin, were found on her, one hidden in her bra and another on top of her head, underneath her wig. On this basis, both appellant and Bobbie were placed under arrest. A search of the blue Cadillac revealed no more contraband.

Albert Fulton testified on behalf of the State, and stated that during the day before the arrests, he had spoken to appellant on the telephone, and that appellant was supposed to come to the residence at about 10:30 p. m. to bring him heroin. He testified that he had previously bought heroin from appellant on several occasions, and that he had met Bobbie once before in the company of appellant. He also testified that since the arrests, appellant had threatened him twice if he testified. Fulton also stated that he had asked appellant why he had not had the heroin on him, and that appellant had stated that he gave the heroin to Bobbie because of the presence of cars in the driveway of the residence.

Further testimony showed that the blue Cadillac in which the two were riding belonged to appellant.

The trial court instructed the jury on the law of accomplice witnesses and on the law of parties. The jury then found appellant guilty of possession of the heroin found on Bobbie.

In order to establish unlawful possession of a controlled substance, the State must prove that the defendant exercised care, control and management over the contraband and that the defendant knew that the matter possessed was contraband. *Weirsing v. State*, 571 S.W.2d 188 (Tex.Cr.App. 1978); *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App.1977); *Rice v. State*, 548 S.W.2d 725 (Tex.Cr.App.1977); *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr.App.1977). Possession of the controlled substance need not be exclusive, and evidence which shows that the defendant jointly possessed it with another is sufficient. *Weirsing v. State*, supra; *Harrison v. State*, supra; *Duff v. State*, supra; *Hernandez v. State*, supra; *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App.1976). The mere presence of the defendant at a place where the substance is possessed does not, in itself, justify a finding of his joint possession. *Weirsing v. State*, supra; *Harrison v. State*, supra; *Duff v. State*, supra; *Hernandez v. State*, supra; *Woods v. State*, supra.

Where the accused is not in exclusive control of the place where the substance is found, it cannot be concluded that he had knowledge of the contraband or control of it unless there are additional independent facts and circumstances which affirmatively link the defendant to the contraband. *Weirsing v. State*, supra; *Harrison v. State*, supra; *Duff v. State*, supra; *Hernandez v. State*, supra; *Barnes v. State*, 504 S.W.2d 450 (Tex.Cr.App.1974); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972). This affirmative link is established by showing additional facts and circumstances which indicate the defendant's knowledge and control. *Weirsing v. State*, supra; *Harrison v. State*, supra; *Duff v. State*, supra; *Hernandez v. State*, supra.

Therefore, it is necessary to examine the record before this Court in order to find an affirmative link between appellant and the contraband. The record reflects that heroin was found secreted on the person who accompanied appellant that evening, and who was driving his car. There was no evidence that appellant gave any inculpatory statements, or conflicting stories, or that he appeared nervous or made any furtive gestures or attempts to flee. The heroin was hidden on Bobbie and was not within plain view. No heroin was found on appellant, or in his automobile.

The major source of the testimony connecting appellant to the heroin came from Albert Fulton, who testified that appellant was to deliver heroin that evening and that he had been involved in heroin transactions in the past. However, Article 38.14, Vernon's Ann.C.C.P., provides that:

"[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

Further, the Controlled Substances Act, Tex.Rev.Civ.Stat.Ann., Article 4476–15, Sec. 1.02(8), provides, in part:

"Proof of an offer to sell [a controlled substance] must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree."

In *Carillo v. State*, 566 S.W.2d 902 (Tex. Cr.App.1978), we reiterated that:

"[t]he test as to the sufficiency of the corroboration [of the accomplice-witness testimony] is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not."

See also, *Bentley v. State*, 520 S.W.2d 390 (Tex.Cr.App.1975); *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968). The mere showing that an offense occurred is not sufficient corroboration. *Carillo v. State*, supra; *Windham v. State*, 479 S.W.2d 319 (Tex.Cr.App.1972). It is not necessary that the *corroboration* directly link the accused to the crime or be sufficient in itself to establish guilt, *Carillo v. State*, supra; *Atwood v. State*, 509 S.W.2d 342 (Tex.Cr.App. 1974); it need only make the accomplice's testimony more likely than not. *Carillo v. State*, supra; *Warren v. State*, 514 S.W.2d 458 (Tex.Cr.App.1974).

■ Thus, we turn to an examination of the record to ascertain what other evidence adduced at trial could corroborate Fulton's testimony that the heroin belonged to appellant. The record reflects that Officer Jones testified extensively concerning information which he received from Fraley, Fulton and Alley that appellant was going to deliver the heroin to them. However, Officer Jones' testimony in this regard was clearly hearsay, since these out-of-court statements were offered to prove their truth, i. e., that appellant was possessing heroin and was intending to deliver it. In *Ex parte Herbert*, we reiterated that hearsay evidence, even admitted without objection, constitutes *no* evidence and is without probative force. *Hanna v. State*, 546 S.W.2d 318 (Tex.Cr.App.1977); *Cooper v. State*, 527 S.W.2d 563 (Tex.Cr.App.1975); *Lumpkin v. State*, 524 S.W.2d 302 (Tex.Cr. App.1975). Thus, we are constrained to hold that Officer Jones' testimony concerning appellant's possession of the heroin was without probative force and, therefore, cannot be considered as evidence in corroboration of the accomplice witness' testimony.

■ The only other testimony given by Officer Jones was that:

"[Appellant] on that evening appeared to be under the influence of what I thought at first to be an intoxicating beverage, but I could not smell anything on his breath."

No other evidence concerning appellant's physical condition was offered. There is no testimony that he was under the influence of heroin, or that he acted like or appeared like someone under the influence of heroin. There was no testimony that needle marks were observed on his arms. Although Officer Jones testified that he could not smell alcohol on appellant, there was no testimony as to how close he ever got to appellant or whether he was ever in close enough proximity to appellant to be in a position to smell alcohol. We recognize that a defendant's being under the influence of some substance can sometimes be one factor in establishing an affirmative link between that defendant and a controlled substance. However, in the instant case, it would be speculation for us to assume that appellant was under the influence of heroin, which would tend to link him to the contraband found on his companion. We do not find this bit of evidence alone to be sufficient to tend to connect appellant to the offense or to make the accomplice witness' testimony more likely than not.

Thus, after a careful search of the record, we are compelled to conclude that there was no evidence adduced at trial to corroborate the testimony of the accomplice witness as required by Article 38.14, supra; and Article 4476–15, Sec. 1.02(8), supra.

Appellant was not found in immediate possession of the heroin, and the accomplice witness provided the testimony which would establish appellant's possession of the heroin. Since we conclude that the evidence is insufficient to corroborate this testimony, we must also conclude that the evidence is insufficient to sustain appellant's conviction for the possession of heroin. While the evidence adduced at trial may certainly raise a strong suspicion of appellant's guilt, this is not sufficient for conviction beyond a reasonable doubt.

Accordingly, the judgment is reversed and remanded to the trial court with instructions to enter a judgment of acquittal.