Edward Troy BARRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00139–CR.

Court of Appeals of Texas, Dallas.

Dec. 1, 1981.

Discretionary Review Refused March 17, 1982.

Robert M. Rose, Dallas, for appellant.

Gilbert Howard, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STOREY and VANCE, JJ.

VANCE, Justice.

Appeal is from a jury conviction for possession of marihuana, a class "B" misdemeanor, on which the court imposed a fine of $200.00 and confinement in jail for three days. The appellant, in his sole ground of error, attacks the sufficiency of the evidence to sustain the conviction. We disagree and thus affirm.

Viewed in the light most favorable to the State, the evidence establishes the following

facts. At approximately 12:35 a. m. on April 17, 1979, Officer H. L. Stiller, a member of the Narcotics Task Force of the Dallas County Sheriff's Department, and other officers executed a search warrant at 3929 Gilbert Avenue, Apartment No. 7, in the city of Dallas, Texas. When the officers knocked on the door it was opened by Diane Sprung, the person named in the warrant. As the officers entered, the appellant was observed standing in the doorway leading into the apartment's only bedroom. A search was conducted immediately. Officer Stiller testified that he could smell the odor of burning marihuana as he entered the bedroom. Upon searching the bedroom he found loose marihuana in a shoe box top near the unmade bed and a bag of marihuana ty sticks on a shelf or stereo cabinet which was located just inside the bedroom. Additionally, on the shelf or stereo cabinet he found "hash, amphetamines, preludins and hash seeds." Officer Stiller also found a man's suit of clothes, consisting of pants, shirt and jacket, in the closet of the bedroom. The inside pocket of the jacket revealed two pieces of paper, one of which was an arraignment sheet, from the Justice of the Peace Court, bearing the name of the appellant. This sheet of paper indicated that the appellant had been arraigned on February 27, 1979 for possession of a controlled substance. Marihuana seeds were found loose on the kitchen cabinet. Marihuana roaches were found in the apartment; the specific location was not shown. Appellant's trial counsel brought out that three marihuana cigarettes were found in a metal cigarette case in his car. This recovery was not pursuant to the warrant and the cigarettes were not introduced in evidence. The expert testimony showed that the marihuana seized under the warrant was less than two ounces and was a usable quantity. The appellant testified that he had only been in the apartment about three minutes when the officers arrived. He did not live there and had no knowledge of the marihuana.

■ To sustain this conviction for unlawful possession of marihuana, the State had to prove beyond a reasonable doubt (1) that the appellant exercised care, control, and management over the marihuana; and (2) that appellant knew that the matter possessed was marihuana. *Dubry v. State*, 582 S.W.2d 841 (Tex.Cr.App.1979). It is not necessary to prove that he had exclusive possession of the marihuana. *Damron v. State*, 570 S.W.2d 933 (Tex.Cr.App.1978). In this case there was no evidence that the appellant rented or owned the premises, nor was any contraband found on his person. Although it is not necessary to prove the appellant had exclusive possession of the marihuana, it must be shown that he exercised some dominion or control over it. *Payne v. State*, 480 S.W.2d 732 (Tex.Cr. App.1972). Evidence which shows that he jointly possessed the marihuana with another is sufficient to sustain a conviction. *Alexander v. State*, 587 S.W.2d 729 (Tex.Cr. App.1979); *Damron v. State, supra; Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977). The presence of the appellant where the marihuana was found does not in itself justify a finding of joint possession. *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979); *Waldon v. State*, 579 S.W.2d 499 (Tex.Cr. App.1979); *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1979).

■ Since appellant was not in exclusive possession of the premises, it cannot be concluded that he had knowledge of, and control over, the marihuana unless there are additional independent facts and circumstances which affirmatively link him to the marihuana. *Wiersing v. State*, 571 S.W.2d 188 (Tex.Cr.App.1978); *Herrera v. State*, 561 S.W.2d 175 (Tex.Cr.App.1978); *Barnes v. State*, 504 S.W.2d 450 (Tex.Cr. App.1974). Proof of possession may be shown by direct or circumstantial evidence. *Collini v. State*, 487 S.W.2d 132 (Tex.Cr. App.1972). The evidence must affirmatively link the appellant to the marihuana in such a manner and to such an extent that it may reasonably be inferred that he knew of the marihuana's existence and of its whereabouts, and that he exercised care, custody, control or management over it. *Dubry v. State, supra; Sewell v. State*, 578 S.W.2d 131 (Tex.Cr.App.1979); *Reyes v. State*, 575 S.W.2d 38 (Tex.Cr.App.1979).

██ The affirmative link can be established by showing additional facts and circumstances which indicate the accused's knowledge and control of the marihuana. Among such additional facts which can establish the affirmative link are: the marihuana was in open or plain view, *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Lewis v. State*, 502 S.W.2d 699 (Tex.Cr.App. 1973); the contraband was everywhere in the house, *Herrera v. State, supra; Abercrombi v. State*, 528 S.W.2d 578 (Tex.Cr. App.1974); and the odor of marihuana was present to some degree, *Ross v. State*, 486 S.W.2d 327, (Tex.Cr.App.1972).

██ An examination of the record before us shows the following affirmative links: the odor of burning marihuana in the bedroom where the appellant was standing in the doorway, *Ross v. State, supra*; the loose marihuana in the shoe box top was in open view, *Hernandez v. State, supra*; evidence that appellant was familiar with marihuana so as to recognize it on sight (he had it in his automobile); contraband was found in several places in the apartment, *Herrera v. State, supra*; the marihuana was conveniently accessible to the appellant, *Hahn v. State*, 502 S.W.2d 724 (Tex.Cr.App.1973); and the clothing of the appellant found in the closet of the bedroom where marihuana was found. *See Curtis v. State*, 519 S.W.2d 883, 886 (Tex.Cr.App.1975). We conclude that the State met its burden and did sufficiently link appellant to the marihuana seized.

Affirmed.