John Douglas MacDONALD, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–832CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 1982.

Rehearing Denied Dec. 30, 1982.

Leonard N. Barksdale, Houston, for appellant.

Patricia Saum, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his conviction for conspiracy to commit burglary. Trial was to the court. Punishment was assessed at ten years in the Texas Department of Corrections. In his sole ground of error appellant contends that he was convicted on circumstantial evidence which is insufficient to support the conviction since it was insufficient to corroborate the testimony of the witness who was an accomplice. We affirm the judgment of the trial court.

Appellant's accomplice, David Ray Nelson, testified to the following events. On or about August 29, 1981, he and appellant discussed burglarizing a store. Early in the morning of August 30, 1981, Nelson and appellant followed by three or four men in a green buick, a truck and a van, drove around Bellaire until they spotted the Curtis Mathis television store in the 8700 block of Stella Link. Nelson and appellant parked their car around the corner. They were picked up by the man in the green buick. Nelson then drove them to the front of the store where they met the men in the truck and van. They decided to gain entrance to burglarize the store by driving the truck through the front window. Appellant

instructed one of the men to back the truck up to the store window. At this point Nelson began walking across the parking lot. He noticed an unmarked blue and white police car. As he continued walking away from the store, he was joined by appellant in the middle of the parking lot. Each man told the other to keep walking as if nothing had happened. Shortly thereafter, Nelson and appellant were stopped by a marked patrol car, questioned, searched, and taken back to the store. Tape was applied to appellant's and Nelson's hands to collect glass particles which had been seen by one of the officers. The men were searched again and arrested on suspicion of auto theft.

The corroborating testimony was that of officer Michael Allen Sanders of the Houston Police Department. He testified that on the morning of August 30th 1981, his sergeant, who had been patrolling in an unmarked blue and white patrol car, called him to a parking lot to investigate a group of five or six black males standing by two vehicles parked in front of a Curtis Mathis television store. The vehicles, a green buick and a chevrolet pick up truck, were backed up to the front of the store.

When officer Sanders arrived, he saw the appellant and Nelson walking across the parking lot. He stopped them, questioned them, took them back to the store and proceeded to inspect the vehicles parked there. Each vehicle had a window broken out and glass on the seats. Another officer noticed glass on appellant's left hand. He handcuffed both men and applied tape to their hands to remove the glass. Officer Sanders cut his finger on a piece of glass in appellant's clothing while searching appellant again. Both Nelson and appellant were arrested on suspicion of auto theft.

■ The testimony of a witness who is an accomplice must be corroborated. His testimony alone cannot be the basis for a conviction. Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1966); *Walker v. State,* 615 S.W.2d 728 (Tex.Cr.App.1981); *Paulus v. State,* 633 S.W.2d 827 (Tex.Cr.App.1981).

The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise it is not. *Edwards v. State,* 427 S.W.2d 629 (Tex.Cr. App.1968); See, *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). It is not necessary that the corroboration link the accused directly to the crime or be sufficient in itself to establish his guilt. *Walker v. State,* supra; *Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App.1974). The corroborating evidence need make the accomplices testimony only more likely than not. *Sheets v. State,* 606 S.W.2d 864 (Tex.Cr. App.1980); *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974). The corroborating evidence may be circumstantial. *Paulus v. State,* supra.

■ We find the evidence sufficient to connect appellant with his alleged conduct. Officer Sanders testimony places appellant 1) with his accomplice 2) in front of a Curtis Mathis television store 3) with several other men 4) at an unusually late hour 5) after the store in question was closed 6) with glass on his hand and clothing 7) in the same area where two vehicles were backed up to the front window of the store in question 8) with windows broken out and with glass on the seats.

Officer Sanders testimony is sufficient to make more likely than not the testimony of Nelson that he and appellant 1) had been in front of the store with several other men 2) with a green buick and a truck 3) that appellant and Nelson had been inside the green buick 4) which was backed up, along with a truck, in front of the store in question 5) at appellant's direction or consent 6) at an unusually late hour 7) for the purpose of burglarizing the store 8) and that appellant and Nelson were walking away from the store in an effort to appear as if they had done nothing improper.

Art. 38.14, supra, requires that evidence of the witness who was not an accomplice

tend to "connect the defendant with the offense committed." The corroborative evidence does not have to establish every material fact alleged against the accused. "(S)uch would be tantamount to requiring that evidence to independently establish guilt, thus vitiating the value of accomplice witness testimony." *Paulus v. State*, 633 S.W.2d supra at 832.

In determining the sufficiency of the corroborative evidence, each case must be considered on its own merits. *Walker v. State*, supra. Although, in this case, no one piece of evidence would be sufficient to establish guilt independently, when considered together, the other evidence is sufficient to support the testimony of the accomplice relied on by the State.

It has been brought to our attention that there is a clerical error in the judgment. The appellant was indicted for conspiracy to commit burglary. The evidence is clear that the appellant was found guilty of that offense. The judgment, however, reflects that appellant was convicted of burglary of a building with intent to commit theft. Therefore, in accordance with Tex.Code Pro.Ann. art. 44.24(b) (Vernon 1981), we reform and correct the judgment to read that appellant was found guilty of conspiracy to commit burglary.

The judgment of the trial court is affirmed.