**Wilbert Leo PRESCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61554.**

Court of Criminal Appeals of Texas, Panel 1.

Dec. 15, 1982.

---

C.C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Alvin M. Titus and Paul Mewis, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of aggravated robbery and punishment was assessed at twenty-five years' confinement.

The record reflects that on March 3, 1978, Robert Field went to a Houston bank to make a withdrawal from an automatic teller machine. Soon after he made the withdrawal, Field was approached by appellant who brandished a pistol and requested all of Field's money. Moments after the robbery, Field saw a police officer and related the robbery to him. Shortly thereafter, Field

and the police officer spotted the appellant. When the officer attempted to arrest appellant, a struggle ensued. It appeared that appellant was trying to pull a gun on the officer. The appellant managed to escape and the officer pursued him. As they were running, the appellant pulled out a gun and shot at the officer. During the exchange of gunfire the appellant was shot in the left leg. He was apprehended and taken to a hospital.

In his second ground of error appellant complains that the trial court committed reversible error in admitting an oral statement made by appellant during custodial interrogation. He bases his claim on Article 38.22, Section 3, V.A.C.C.P. (1977).

At trial the appellant testified on his own behalf, specifically denying that he shot at the pursuing officer and denying that he was carrying a gun. On rebuttal the State called Officer David Collier who testified he went to the hospital after the shooting to interview appellant. Collier testified that when he asked appellant what had happened appellant began relating the story. Appellant related that when the officer initially approached him he

"... reached into his right coat pocket because he had a gun in there and he was going to take it out and give it to the officer. He said when he reached into the pocket, the officer pulled his gun and stuck it in his face."

The State offered this testimony for the purpose of impeaching appellant's testimony that he was not carrying a gun on the night of the offense.

This Court, in the recent cases of *Alfaro v. State* and *Kinser v. State,* 638 S.W.2d 891 (1982), held that an oral statement made by the accused as a result of custodial interrogation during the effective dates of Article 38.22, Section 3, V.A.C.C.P. (amended 1977), is admissible for impeachment purposes only when the statement is shown to comply with the six specific requirements contained in Section 3.[1] Because such a show-

---

1. Article 38.22, Section 3, V.A.C.C.P., provided: "(a) An oral statement of an accused made as a result of custodial interrogation is ad- missible against the accused in a criminal proceeding for the purpose of impeachment only and when:

ing was not made in the instant case the trial court erred in admitting appellant's oral statement. We must, therefore, reverse the conviction of the appellant and remand the case for a new trial.

"(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
"(2) prior to the statement but during the recording the accused is told that a recording is being made;
"(3) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
"(4) the recording device was capable of making an accurate recording, that the operator was competent, and that the recording is accurate and has not been altered;
"(5) the statement is witnessed by at least two persons; and

"(6) all voices on the recording are identified.
"(b) Every electronic recording of any statement made by an accused during custodial interrogation must be preserved until its destruction is permitted by order of a district court of this state.
"(c) Subsection (a) of this section shall not apply to any statement which contains assertions of facts and circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed."
This Article was amended by Acts 1981, 67th Leg., p. 711, ch. 271, Section 1, eff. Sept. 1, 1981.