Vincent SIMMONS, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–689CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 13, 1983.

James Schweitzer, Galveston, for appellant.

Mark Bailey, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals his conviction for aggravated robbery. The jury assessed punishment at twenty-five years in the Texas Department of Corrections. In his sole ground of error, appellant contends he was convicted on evidence which was insufficient to support the conviction since it was insufficient to corroborate the testimony of the witnesses who were accomplices. We affirm the judgment of the trial court.

Two of appellant's accomplices, Billy Sapp and Jim Haywood testified to the following events. On or about the night of February 16, 1981, Sapp, Haywood, Thomas Martin and Appellant were in the vicinity of Lisa's Kitchen on Market Street in Galveston, Texas. Martin noticed an oriental man, Shan Lee, repeatedly circling the block. He told Sapp to stop the man and ask him if he was looking for women. Sapp did so and found that Lee was, indeed, looking for women. Sapp told Lee to follow him. Lee then parked his car and followed him down an alley. Appellant, Martin and Haywood followed Sapp and Lee down the alley and eventually caught up with him. When no women were found, Lee became impatient and began to leave. Martin then grabbed Lee and threw him to the ground. When it appeared as though Lee was going to win the fight with Martin, appellant picked up a board and hit Lee on the head. Lee stood up and appellant hit him on the head repeatedly until he died. Appellant then watched while Sapp took Lee's watch and Haywood took his wallet and keys. Martin took the wallet from Haywood and some change from Lee's pocket. The men then fled the scene.

The corroborating statements are those of appellant himself. On February 20, 1981, appellant gave a second statement to the police. In that statement he confessed that on or about the night of February 16, 1981, he was with Martin, Sapp and Haywood in the alley where the incident occurred. He stated that he saw Sapp, Haywood and Martin scuffling with a man who was "getting hit" and who "went down." He stated that Sapp took the man's watch and that either Martin or Haywood went through the man's pockets. Appellant and the other men then walked away.

The testimony of a witness who is an accomplice must be corroborated. His testimony alone cannot be the basis for a conviction. Tex.Code Crim.Pro.Ann. art. 38.14 (Vernon 1966); *Walker v. State,* 615 S.W.2d 728 (Tex.Cr.App.1981); *Paulus v. State,* 633 S.W.2d 827 (Tex.Cr.App.1981).

The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise it is not.

*Edwards v. State,* 427 S.W.2d 629 (Tex.Cr. App.1968); See *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). It is not necessary that the corroboration link the accused directly to the crime or be sufficient in itself to establish his guilt. *Walker v. State,* supra; *Attwood v. State,* 509 S.W.2d 342 (Tex.Cr.App.1974). The corroborating evidence need make the accomplices' testimony only more likely than not. *Sheets v. State,* 606 S.W.2d 864 (Tex.Cr.App.1980); *Warren v. State,* 514 S.W.2d 458 (Tex.Cr.App.1974). The corroborating evidence may be circumstantial. *Paulus v. State,* supra.

We find the evidence sufficient to connect appellant with his alleged conduct. Appellant's statement places him 1) with his accomplices; 2) on the night in question; 3) in the alley where the murder and robbery occurred; 4) with a man who was unknown to them 5) at a late hour; 6) where a scuffle ensued; 7) involving the accomplices and the victim; 8) in which the victim was beaten and fell to the ground; 9) with appellant then watching Sapp take the man's watch; 10) and Martin or Haywood searching the man's pockets.

Appellant's statement is sufficient to make more likely than not the testimony of his accomplices, Sapp and Haywood, 1) that they were with appellant; 2) on the night in question; 3) in the alley where the murder and robbery occurred; 4) with an oriental man; 5) at a late hour; 6) where a scuffle ensued; 7) involving the victim, themselves and appellant; 8) in which the victim was beaten by appellant and fell to the ground; 9) with appellant then watching Sapp take the man's watch; 10) and Martin and Haywood going through the man's pockets and removing his wallet, change and keys.

Article 38.14, supra, requires that the corroborative evidence tend to "connect the defendant with the offense committed." The corroborative evidence does not have to establish every material fact against the accused. "(S)uch would be tantamount to requiring that evidence to establish guilt independently, thus vitiating the value of accomplice witness testimony." *Paulus v. State*, at 832, supra. The appellant was accused of the crime of aggravated robbery. By looking at the events which took place before, during and after the offense of aggravated robbery it was determined that appellant was a party to that offense, see *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr. App.1978). The jury was properly instructed as to the law of parties. Although appellant was, himself, an accomplice to the crime, his statement is self-incriminatory and is, therefore, sufficient to corroborate the testimony of his accomplices.

In determining the sufficiency of the corroborative evidence, each case must be considered on its own merits. *Walker v. State*, supra. Although, in this case, the appellant's statement is insufficient to establish guilt independently, it is sufficient to support the testimony of the accomplices relied on by the State. The judgment of the trial court is affirmed.