Dan Lee INGHAM, Appellant,

v.

STATE of Texas, Appellee.

Nos. 13-81-159-CR, 13-81-170-CR.

Court of Appeals of Texas, Corpus Christi.

May 19, 1983.

Rehearing Denied June 16, 1983.

Phil Burleson, Burleson, Pate & Gibson, Dallas, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

In separate Cameron County indictments, the appellant was charged with murder in the March, 1980, slayings of Brett Michael Butler and appellant's wife, Elsie Rosa Ingham. By agreement, the cases were consolidated for trial. Appellant was convicted of murder in the Butler case, and of voluntary manslaughter in the Ingham killing. The jury assessed punishment at life imprisonment for the murder, and eighteen years' confinement for the voluntary manslaughter.

The heart of this appeal consists of appellant's claims of ineffective assistance of counsel at his trial and the denial of a fair and impartial trial. Appellant was represented by Jon R. Wood, appointed counsel. The State was represented by Vance Jones, Assistant District Attorney for Cameron County. These two grounds of error have been described as "complements to one another, reflecting opposite sides of the same coin, ..." *Cude v. State,* 588 S.W.2d 895, 897 (Tex.Cr.App.1979). See also *Ruth v. State,* 522 S.W.2d 517 (Tex.Cr.App.1975). As basis for his claim that he was denied a fair trial, appellant assigns a number of errors wherein inadmissible and prejudicial evidence was offered by the State's attorney and received. As the basis of his ineffective assistance claim, appellant cites his trial counsel's failure to object to any of

these matters. We must reverse because of both reasons.

■ The first category of inadmissible evidence of which the appellant complains is that of extraneous offenses or misconduct that is not relevant to any issue in the trial. The Court of Criminal Appeals has consistently held that an accused is entitled to be tried on the accusation made in the State's pleading and that he is not to be tried for some collateral crime or for being a criminal generally. *Nance v. State,* 647 S.W.2d 660 (Tex.Cr.App.1983); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). For this reason, evidence of other crimes or misconduct committed by the accused is generally inadmissible. An exception is where such evidence is shown to be both material and relevant to a contested issue in the case. *Nance v. State,* supra; *Albrecht v. State,* supra.

State's witness Sandra Curtis testified to a number of extraneous incidents involving the appellant. She testified that, in January of 1980, the appellant had "busted a hole through the front door" of an apartment occupied by her and appellant's brother-in-law, Ralph Shanabarger. Curtis also described an occasion during a period of legal separation between appellant's wife, Elsie Ingham, and the appellant, in which Curtis, Elsie and others went to the house formerly occupied by Elsie and the appellant and discovered that someone had turned on the gas valves, flooding the house with natural gas. (Similar testimony of this same event was given by State's witness Philip Rucker.) Curtis testified additionally that, at some time prior to the killings in question, appellant had threatened her at a bar one night when she refused to dance with him. (This testimony was actually solicited by appellant's own trial counsel on cross-examination.)

Appellant's brother-in-law, Shanabarger, testified at length regarding his own legal and personal problems with the appellant which arose out of an injury he received while working with the appellant on a construction job.

At another time during the trial, the appellant was cross-examined concerning an encounter he had with employees of a restaurant in Harlingen. One of those individuals, Emarita Sanchez, testified that, in November of 1979, the appellant became angry over the service at the restaurant and threatened the cook. Not a single objection was interposed by appellant's counsel to all of these matters.

The State's first response is the claim that no error is preserved because there was no objection at trial. Then the State invokes Tex.Penal Code Ann. § 19.06 (Vernon 1974), which makes admissible testimony as to relevant facts and circumstances surrounding a killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

■ With regard to the alleged acts of misconduct against Curtis and Shanabarger, section 19.06 of the Penal Code is not applicable, because the facts related were not relevant to the killing nor were they relevant to the previous relationship that existed between the appellant and either of the victims. *Jernigan v. State,* 585 S.W.2d 701, 704 (Tex.Cr.App.1979); *Jackson v. State,* 552 S.W.2d 798, 803 (Tex.Cr.App. 1977). Concerning the episode of the home being filled with natural gas, an important element was missing. The appellant was never identified as the perpetrator of such misconduct. Absent a clear showing that the accused was responsible for turning on the gas, this evidence of extraneous misconduct should not have been introduced or admitted. *McCann v. State,* 606 S.W.2d 897, 901 (Tex.Cr.App.1980); *Eanes v. State,* 546 S.W.2d 312 (Tex.Cr.App.1977); *Tippins v. State,* 530 S.W.2d 110 (Tex.Cr.App.1975); *Landers v. State,* 519 S.W.2d 115 (Tex.Cr. App.1975).

■ The State's argument for admissibility is that the testimony was proper rebuttal to appellant's assertion (also on cross-examination) that he was a man of "ordinary temper." However, testimony of specific

acts of misconduct are not admissible to show his reputation. *Ward v. State,* 591 S.W.2d 810, 818 (Tex.Cr.App.1979) (opinion on rehearing); *Jones v. State,* 479 S.W.2d 307, 308 (Tex.Cr.App.1972).

Appellant also complains that hearsay testimony was erroneously received against him. Curtis was allowed to testify that she was told by Rucker that the reason that appellant and Elsie had reconciled after a period of separation was because appellant had threatened Elsie with a shotgun. Shanabarger testified that the appellant had a "violent nature" and that, because of appellant's propensity for violence, Elsie Ingham was afraid to go home. The State again relies on section 19.06.

■■■ Hearsay is evidence of statements made out of court which are offered for the purpose of proving the truth of the matter asserted. *Girard v. State,* 631 S.W.2d 162 (Tex.Cr.App.1982). Hearsay evidence, even when admitted without objection, constitutes *no* evidence and is without probative force. *Alexander v. State,* 587 S.W.2d 729 (Tex.Cr.App.1979). Although Sec. 19.06 of the Penal Code provides that the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing, this statute does not allow the admission of hearsay evidence. *Nixon v. State,* 587 S.W.2d 709 (Tex.Cr.App.1979). The admission of hearsay evidence in this case was highly prejudicial and was absolutely without probative value.

■■ Section 19.06 cannot be used as authority for the admission of Curtis' testimony regarding the appellant's alleged threatening of his wife, Elsie, with a shotgun. The testimony was clearly hearsay and, as such, could not be used for any purpose. Section 19.06 "does not extend the rules of evidence to make admissible inadmissible hearsay." *Jones v. State,* 515 S.W.2d 126 (Tex.Cr.App.1974). The same reasoning may be applied to Shanabarger's testimony regarding the "violent nature" of the appellant. That testimony is also inadmissible because the question of appellant's "nature" had not been raised. See *Els v. State,* 525

S.W.2d 11 (Tex.Cr.App.1975). All of this testimony was elicited during the State's case in chief. The appellant testified in his own behalf, but did not raise a defense which would justify any of this testimony.

The last evidence complained of by the appellant consists of the testimony of two law enforcement officers regarding an oral confession which they stated had been taken from the appellant after the shooting. At the time of the interview, appellant was lying in the hospital awaiting surgery for treatment of a shotgun wound he had himself suffered after he shot Butler.

It is undisputed that the provisions of Tex.Code Crim.Pro.Ann. art. 38.22 § 3 (Vernon Supp.1982) were not complied with. The State contends that the oral statement was admissible as a voluntary statement having bearing on the credibility of the appellant as a witness under Tex.Code Crim.Pro.Ann. art. 38.22 § 5 (Vernon 1979). The Court of Criminal Appeals has already foreclosed that argument by holding that section 3 of article 38.22 controls over section 5, even for statements used solely for impeachment purposes. *Prescott v. State,* 642 S.W.2d 502 (Tex.Cr.App.1982); *Alfaro v. State,* 638 S.W.2d 891 (Tex.Cr.App.1982).

In addition, there was a serious question as to whether the State showed that the officers' testimony had any bearing on the appellant's credibility. The appellant testified merely that he could not remember at the time of trial having spoken to law enforcement officials on the day of the killings. The officers' testimony concerning the contents of the statement they said they obtained from the appellant shortly after the slayings was not relevant to appellant's trial-time memory. One officer even admitted that the appellant may have been in shock when they talked with him and might therefore have no memory of the conversation. This admission tends to corroborate rather than impeach the appellant's testimony.

■ There also was the question of voluntariness. Both officers testifying as to the confession stated that they advised ap-

pellant of his rights and that appellant said he understood them. Neither witness testified that the appellant agreed to waive his rights. A knowing and intelligent waiver of rights must be established by the prosecution before any statement of an accused may be admitted against him. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This is true even for statements used only for impeachment. Tex.Code Crim.Pro.Ann. art. 38.22 § 3(a)(2) (Vernon Supp.1982). Appellant's trial counsel made no attempt to challenge the above-mentioned oral confession in any manner, either before or during the trial. There was no motion to suppress, no objection to any of the testimony on any ground.

The right to effective assistance of counsel merely ensures the right to *reasonably effective* assistance. *Ex parte Duffy,* 607 S.W.2d 507, 514 (Tex.Cr.App.1980); *Cude v. State, supra,* at 896. The effectiveness of counsel's services must be judged by the totality of the representation. If from the entire record it is apparent that the accused did not receive effective assistance of counsel, a new trial must be ordered. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Cr. App.1980); *Cude v. State, supra.* Following this standard, we are convinced that the appellant was denied effective assistance of adequate counsel. The repeated failures to object to the admission of harmful, inadmissible evidence alone is sufficient to constitute reversible error. *Weathersby v. State,* 627 S.W.2d 729 (Tex.Cr.App.1982); *Cude v. State, supra; Ruth v. State, supra.* Our complete examination of the balance of the record of counsel's service in this case only serves to augment our belief that it was ineffective.

A glimpse at counsel's pretrial activity is instructive. Counsel filed a single motion for discovery, which asked only for disclosure of the possible criminal records of the prosecution witnesses. There is no showing that he ever obtained a ruling on the motion. Counsel apparently failed altogether to attempt to discover other information about the State's case against appellant, including, for example, whether the State had any oral or written statements from the appellant. Since the appellant denied altogether any remembrance of talking to law enforcement officials, it is quite possible that appellant's counsel was altogether surprised at the testimony concerning the confession. This would account for his failure to produce a motion to suppress prior to the trial. It does not account for his failure to request a hearing on voluntariness prior to the admission of the testimony or to object to the admission of the same. There was no showing in the record for any reason for counsel's inattentiveness concerning the admission of the extraneous and hearsay matters.

This case must be reversed. The fault for making a reversal of this case necessary cannot be laid entirely upon appellant's trial counsel. We are equally disappointed in the performance of the attorney for the State of Texas. In a case in which there were numerous eyewitnesses to one slaying and overwhelming direct and circumstantial evidence of the guilt of the appellant in the other case, and in which the defendant produced no substantial defense, the State chose to spend at least half its time providing the jury with details of various instances of extraneous prior misconduct on the part of the accused, all of which was inadmissible and unnecessary. This tactic can only be explained as an attempt to persuade the jury to exact maximum punishment, not only for the crimes with which he was charged, but also punishment for collateral misconduct with which he was not charged. We sustain appellant's grounds of error on both ineffective assistance of counsel and a denial of a fair and impartial trial.

In spite of considerable evidence of appellant's guilt, we cannot say that the cumulative effect of the above-mentioned errors by the attorneys for both sides was harmless, because the jury assessed the maximum permissible punishment for the murder conviction. Cf. *Prior v. State,* 647 S.W.2d 956 (Tex.Cr.App.1983).

The judgment of the trial court is reversed and the cause remanded for new trial.