Dan Lee INGHAM, Appellant,

v.

STATE of Texas, Appellee.

Nos. 13–81–170–CR, 13–81–159–CR.

Court of Appeals of Texas, Corpus Christi.

June 6, 1985.

Phil Burleson, Burleson, Pate & Gibson, Dallas, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY, J.

## OPINION

NYE, Chief Justice.

Appellant was convicted of murder and voluntary manslaughter. In *Ingham v. State*, 654 S.W.2d 516 (Tex.App.—Corpus Christi 1983), we originally reversed appellant's convictions after finding that trial counsel had failed to provide reasonably effective assistance. The State petitioned the Court of Criminal Appeals for discretionary review, and, in *Ingham v. State*, 679 S.W.2d 503 (Tex.Crim.App.1984), the Court "reverse[d] the decisions of the Court of Appeals and affirm[ed] the convictions," and then remanded the causes to this Court for consideration of appellant's other grounds of error not previously addressed. *Ingham v. State*, 679 S.W.2d at 509.

In reversing appellant's convictions on original submission, we sustained his tenth and eleventh grounds of error, which had as their foundations grounds of error one through four and six through eight. In reversing our decision, the Court of Criminal Appeals addressed the merits of these grounds and determined that they were without merit. Therefore, these grounds of error are now expressly overruled, and we turn to grounds of error five and nine, which have not yet been addressed.

In his ninth ground of error, appellant contends that the trial court erred in allowing the prosecutor to elicit from appellant testimony concerning the basis of a temporary restraining order obtained by his wife in a divorce action.

During cross-examination, the prosecutor asked appellant various questions about allegations made by his wife at the TRO hearing. Before this line of questioning, appellant's counsel stated, "At this time, Your Honor, I would like to proceed with a bill of exceptions from some of the evidence that may be adduced by the State." No objection was made. The trial court made no response to counsel's statement, and the prosecutor continued to ask questions. No other objections were made to any of the matters inquired about by the State. Generally, nothing is preserved in the absence of an objection. *Crocker v. State*, 573 S.W.2d 190 (TEX.CRIM.APP. 1978). Even if the above statement of counsel could be construed as an objection, it would not preserve error because a party must obtain an adverse ruling to preserve error. *Nastu v. State*, 589 S.W.2d 434 (TEX.CRIM.APP.1979). Appellant did not pursue his "objection" to an adverse ruling; therefore, appellant's ninth ground of error is overruled.

In his fifth ground of error, appellant contends that reversible error occurred when one witness testified that Elsie Ingham was afraid to go home because appellant had a violent nature. This testimony was admitted without objection. Nothing is preserved for appellate review. *Crocker v. State*, 573 S.W.2d at 205. The case relied upon by appellant in support of his argument contained a proper objection. *See ·Els v. State*, 525 S.W.2d 11 (TEX. CRIM.APP.1975). Appellant's fifth ground of error is overruled.

The convictions are AFFIRMED.

Opinion published.

TEX.R.CRIM.APP. P. 207