IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-073-CR





MARK RAMIREZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 101,605, HONORABLE JON N. WISSER, JUDGE PRESIDING



 




 After a jury found the appellant guilty of the offense of theft from the person, Tex.
Penal Code Ann. § 31.03(e)(4)(B) (West Supp. 1992), the court assessed punishment at six years
confinement, probated.

 In his first point of error, appellant contends that there was insufficient evidence
to corroborate the testimony of the accomplice witness. Tex. Code Crim. Proc. Ann. art. 38.14
(West 1979), provides:



A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the
commission of the offense.



 Barry Aleman testified that on December 4, 1989, the appellant approached him
with a plan whereby Aleman would grab a moneybag from a Lamme's Candies employee when
the employee was on the way to the bank located in the mall. The appellant told Aleman that he
would deter anyone who "was going to chase me and he would knock them down or get them
away or something." Appellant knew the time of the day the employee would be taking the
moneybag to the bank. Further discussion of the theft took place later that day in the presence
of the appellant's girlfriend, Tina Ladesma, later identified as a former employee at the Lamme's
store. Appellant, Ladesma and Aleman drove to Barton Creek Mall about 2:30 the same day. 
Ladesma remained in the car while appellant and Aleman entered the mall, "followed the footsteps
we were going to take and then waited on a bench by Lamme's Candy Store." After about two
hours, they saw an employee leave the store with a moneybag. Aleman was unable to grab the
moneybag until the employee reached the bank. He ran with the moneybag and "[H]e [appellant]
was holding the [mall] door open for me." As they ran toward the car, Aleman told appellant,
"someone is behind me." When Aleman looked back, he saw the appellant turn around, and the
person in pursuit "just veered off." They drove around, counted the money and threw the
moneybag into a wooded area.

 To determine the sufficiency of the corroboration evidence, we must eliminate from
consideration the testimony of the accomplice witness and then examine the testimony of the other
witnesses to ascertain whether there is evidence which tends to connect the accused with the
commission of the offense. Killough v. State, 718 S.W.2d 708, 710 (Tex. Crim. App. 1986). 
Each case must be considered on its own facts and circumstances. Reed v. State, 744 S.W.2d
112, 126 (Tex. Crim. App. 1988).

 Alex Suniga, a "housekeeper" at the mall, saw appellant and another man "just
pacing back and forth" while he was talking to Kenneth Gamble, "a Salvation Army guy." He
called Gamble's attention to the two men, advising Gamble that he recognized the appellant from
having seen him waiting for a girl who had worked at Lamme's. Suniga later saw the two men
coming out of the restroom, where he heard them saying, "Hurry up. Hurry up. It's almost time. 
It's almost time." Shortly thereafter, while at lunch, Suniga heard over his "page phone radio"
that a moneybag had been stolen from an employee at Lamme's Candies. Following lunch,
Gamble told Suniga that he "had seen everything; it was the two guys you said you knew."

 Gamble identified Aleman as the person he saw grab the moneybag from the
Lamme's employee. He identified the appellant as the person he had seen at the mall door prior
to the theft. After Aleman grabbed the moneybag, Aleman and the man at the door took off
running. Donald Putman testified that he was going to the bank to cash a check when he
witnessed the theft. Putman identified appellant as the person he had seen with the man who
snatched the moneybag. He chased Aleman and appellant. Putman related that appellant turned
around, "He had his fists up in the air as if to hit me. Coming at me." 

 The mere presence of the accused in the company of the accomplice near the time
of the offense, while not alone conclusive, may be considered as a circumstance. Killough, 718
S.W.2d at 711. "Sufficient corroboration of the testimony of an accomplice to warrant a
conviction may be furnished by the suspicious conduct of a defendant such as flight after a crime
was committed." Passmore v. State, 617 S.W.2d 682, 684, 85 (Tex. Crim. App. 1981). It is not
necessary that the corroboration directly link the accused to the crime or that it be sufficient in
itself to establish guilt, but there must be evidence tending to connect the accused with the offense. 
Attwood v. State, 509 S.W.2d 342, 345 (Tex. Crim. App. 1974). Insignificant circumstances may
afford the most satisfactory evidence of guilt and corroboration of accomplice witness testimony. 
Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988).

 We conclude that the appellant's presence at or near the scene of the crime in the
presence of the thief at or about the time of the offense, suspicious circumstances such as lack of
apparent reason for such presence, the likelihood that appellant's girlfriend, a former employee
of Lamme's store, was familiar with the time the store's money was taken to the bank, and flight
of the appellant in the presence of the thief, constitute sufficient corroboration to support the
conviction. Appellant's first point of error is overruled.

 In his second point of error, appellant contends the court erred in allowing a police
officer to testify about the ability of a person to identify a suspect from a live line-up. Sergeant
Jerry Stanton of the Austin Police Department testified that Putman identified Aleman from a
photographic line up, but could not positively identify the second man. Stanton, a witness for the
appellant, stated that his records reflected Putman saying something like, "[H]e never got a good
look at the second guy." Putman made an in-court identification of appellant as the other
participant. Over defense counsel's objection to the relevancy of the prosecutor's question,
Stanton was allowed to answer whether he had "similar experiences with line-ups, when people
see people standing there." Stanton answered:



The chances of someone being able to pick out the suspect out of a live line-up are
quite a bit more than out of a photo line-up. Photo line-ups are more difficult to
recognize. It's just harder to pick someone out from a picture than it is to actually
stand there and look at the person.



 In order to preserve a complaint for appellate review, a party must have presented
to the trial court a timely request, objection or motion, stating the specific grounds for the ruling
he desired the court to make if the specific grounds were not apparent from the context. Tex. R.
App. P. 52(a). While defense counsel's objection at trial was that this line of questioning was
irrelevant, he urges on appeal that the testimony "was not the specialized knowledge within Rule
702,Tex. R. Crim. Evid. [testimony by experts]." An objection stating one legal theory at trial
may not be used to support another legal theory on appeal, see Johnson v. State, 803 S.W.2d 272,
292 (Tex. Crim. App. 1990). Since the trial judge did not have an opportunity to rule on the
qualifications of the witness as an expert at trial, nothing is presented for review. Appellant's
second point of error is overruled.

 In his third point of error, appellant asserts that the trial court erred when it allowed
Suniga to testify, "It was the same two guys I had seen." After Suniga testified that he heard a
report about the theft on his radio during lunch, the prosecutor asked Suniga if he recalled "the
description that you heard over the radio." Appellant's objection that the question called for a
hearsay answer was overruled and Suniga responded, "It was the same two guys I had seen." 
Suniga related that the description given of the offenders was two males, "a smaller one had a
goatee and a taller one, had like a blue jacket, blue sweater, some kind of sweater like that and
I had seen these two in the restroom, you know, and I had just seen them pace back and forth." 
Texas R. Crim. Evid. 701 provides:



If the witness is not testifying as an expert, his testimony in the form of opinions
or inferences is limited to those opinions or inferences which are (a) rationally
based on the perception of the witness and (b) helpful to a clear understanding of
his testimony or the determination of a fact in issue.



Suniga's opinion or inference was rationally based on his own perception. He had recently seen
the two men who fit the description of the offenders he heard on his radio. The fact that an
opinion or inference may embrace an ultimate issue to be decided by the trier of fact does not
render it inadmissible. Tex. R. Crim. Evid. 704. Appellant's third point of error is overruled.

 In his fourth point of error, appellant contends the trial court erred in allowing a
witness to testify about what another person had told him. Appellant's complaint is directed to
the court's action in overruling his hearsay objection to the testimony of Suniga relative to his
meeting with Gamble following the offense. Specifically, appellant's complaint concerns Suniga's
testimony that Gamble told him "it was the same two men" that Suniga had called to his attention
earlier. A statement is not hearsay if the declarant testifies at the trial and is subject to cross
examination concerning the statement, and the statement is one of identification of a person made
after perceiving him. Tex. R. Crim. Evid. 801(e)(1)(C).

 While Gamble testified before Suniga, there is no suggestion that he was not
available for recall should appellant have wanted to cross-examine him concerning Suniga's
testimony. Gamble testified that he had seen the two men prior to the offense, and they looked
"like they were up to something." Gamble testified at trial, was subject to cross examination, and
the statement attributed to him about identifying the men was made after perceiving them. 
Appellant's fourth point of error is overruled.

 In his fifth point of error, appellant asserts that the court erred in allowing Suniga's
testimony, that "[H]e [Aleman] and the . . . that other guy [appellant] took the moneybag." 
Appellant urges that the statement was not based on the personal knowledge of the witness. It is
undisputed that the witness did not see the offense, Suniga having testified that he did not witness
the crime. The witness was testifying to the statement that he made to the officer at the
photographic line-up. Suniga's opinion was based on his perception, having recently seen the men
who had been described as the offenders. Appellant's objection goes to the weight rather than to
the admissibility of the testimony. Appellant's fifth point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Jones, Kidd and Davis*]

Affirmed

Filed: October 14, 1992

[Do Not Publish]
































* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).