**Andrew HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36494.**

Court of Criminal Appeals of Texas.

Feb. 12, 1964.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is unlawful possession of a narcotic drug; the punishment, five years in the state penitentiary.

Mack Sterling, a police officer for the city of Abilene and witness for the state, testified that he and two other officers (George Morrison and George Maxwell) went to the home of appellant the day in question, without a warrant for his arrest but with a search warrant, a copy of which was given to appellant; that appellant met them at the door, stating that he lived there and gave them permission to search the apartment. Officer Sterling further testified that every room in the apartment was searched and that he found a Prince Albert tobacco can in a dresser drawer containing what appeared to be marijuana, based on his past experience with the narcotic. Also, that the can and its contents were marked by him for identification and remained in his custody and control until mailed to Austin for analysis. The officer also stated that appellant was not under arrest and could have left up until the time the marijuana was found.

C. H. Beardsley, a chemist with the Texas Department of Public Safety, and witness for the state, identified the tobacco can in question as the one whose contents had been examined by him in Austin and found to contain 2.45 grams of marijuana, a narcotic drug.

George E. Morrison, a police officer who had aided in the search of the apartment, testified that he found what appeared to be marijuana seeds behind and underneath the couch and further that the seeds so found were placed in a paper bag, marked by him for identification and subsequently mailed to Austin. Both the paper bag and the tobacco can were identified by the officers as the ones found in appellant's apartment.

Officer Sterling testified that when appellant came to the door of the apartment, " * * * I told him that we had information that he had some *dope* at his house." Appellant moved for a mistrial which was denied. The jury, however, was instructed not to consider the statement for any purpose.

Appellant's contention that the court's failure to grant a mistrial was reversible error cannot be sustained. It has been well settled since the early case of Miller v. State, 79 Tex.Cr.R. 9, 185 S.W. 29, that error in admitting improper evidence may be generally corrected by a withdrawal and an instruction to disregard it except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. The evidence in question was not of such import that the court's instruction to disregard the answer could not have removed its effect on the minds of the jury. Monasco v. State, 172 Tex.Cr.R. 528, 361 S.W.2d 208, McCormick and Ray, Texas Law of Evidence, Vol. 1, Sec. 29. It should also be noted in this regard that marijuana was found in the apartment and no issue was made of the fact that it was marijuana.

Appellant further urges that reversible error was committed when Officer Sterling testified as to the finding of the marijuana. The officer was asked where appellant told him he got the marijuana, to which the officer replied, "at that time he told me he wasn't sure. He didn't remember where it had come from." An objection was made on the grounds that this statement was made while the appellant was under arrest.

Without passing on the question of whether appellant was under arrest or whether the statement was admissible as res gestae, we find the trial court cured any error by instructing the jury not to consider the statement for any purpose.

Having thoroughly considered each bill, we find none in which reversible error is shown.

The evidence being sufficient and no reversible error appearing, the judgment is affirmed.