Jack Michael WIERSING, Appellant,

v.

The STATE of Texas, Appellee.

No. 57154.

Court of Criminal Appeals of Texas, Panel 1.

Sept. 27, 1978.

Philip S. Greene, Dan B. Gerson, Houston, for appellant.

Carol S. Vance, Dist. Atty., J. Richard Trevathan and Gerald R. Flatten, Asst. Dist. Attys., Houston, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from an order revoking probation. On May 21, 1976, appellant entered a plea of guilty before the trial court to the offense of possession of heroin. The punishment was assessed by the court at six (6) years in the Texas Department of Corrections. Imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of his probation, appellant was to:

"(a) Commit no offense against the laws of this or any other State or the United States . . .

On January 27, 1977, the State filed a motion to revoke appellant's probation, alleging that he had committed the offense of possession of marihuana.

On April 22, 1977 a hearing was held on the motion to revoke, after which the trial court entered an order revoking appellant's probation on the ground that he had unlawfully possessed marihuana.

Appellant now contends that the trial court abused its discretion in revoking his probation because the evidence was insufficient to prove that appellant knowingly possessed the marihuana.

The record reflects that on December 27, 1976, Officer Morrison of the Houston Police Department and his partner stopped an automobile in which appellant was riding. The reason for the traffic stop was that the automobile had an excessively loud muffler. Upon pulling over, the driver got out of the car and walked back to the police car parked behind him. While the second officer was talking to the driver, Officer Morrison approached the parked car. He stated that he did so in order to check the identification of the passengers to determine if they had any outstanding traffic warrants. When he reached the car, a woman was sitting in the front seat on the right side and appellant and Carla Carr were sitting close together on the right side of the car in the back seat. Officer Morrison stated that as he leaned his head into the car he smelled a faint odor of marihuana. He stated that it smelled like someone had smoked marihuana in the car not recently, but on a previous occasion, but that he could not say whether it was smoked a day or a week earlier. He asked the passengers to get out of the car and then proceeded to search appellant and the women's purses. No marihuana was found in their possession, nor did Morrison smell any marihuana on appellant's clothes. However, he stated that as appellant got out of the car Morrison saw about one inch of plastic on the floor sticking out from under the seat in the back.

On this basis, Morrison decided to search the automobile. Upon reaching down and picking up the plastic, he discovered that it contained what was later identified as marihuana. He then proceeded to search the rest of the car, and found no more marihuana in any part of the vehicle.

Carla Carr testified that the marihuana belonged to her. She testified that she was sitting next to appellant on the right hand side of the car when it was stopped. She then stated that she was carrying the marihuana in her purse and that when the car was stopped by the police she became afraid and removed the baggie from her purse and stuffed it under the seat on the right side of the car. Carr further testified that ap-

pellant had no knowledge of the marihuana before she removed it from her purse and hid it. At the conclusion of the testimony, the trial judge stated that he did not believe any of her testimony.

Appellant testified that the marihuana did not belong to him, but rather that his first knowledge of the marihuana came when Carr removed it from her purse and placed it under the seat in front of them. He also testified that he and Carr had only been riding in the automobile for a short time, and that the driver was taking him to get his own car fixed since it had broken that morning.

No other evidence was presented regarding the circumstances of the arrest and search.

■ In order to establish unlawful possession of a controlled substance, the State must prove that the defendant exercised care, control and management over the contraband and that the defendant knew that the matter possessed was contraband. *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App. 1977); *Rice v. State*, 548 S.W.2d 725 (Tex. Cr.App.1977); *Duff v. State*, 546 S.W.2d 283 (Tex.Cr.App.1977); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976). Possession of marihuana need not be exclusive, and evidence which shows that the defendant jointly possessed it with another is sufficient. *Harrison v. State, supra; Duff v. State, supra; Hernandez v. State, supra; Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App. 1976). The mere presence of the defendant at a place where the substance is possessed does not, in itself, justify a finding of his joint possession. *Harrison v. State, supra; Duff v. State, supra; Hernandez v. State, supra; Woods v. State, supra.*

■ Where the accused is not in exclusive control of the place where the substance is found, it cannot be concluded that he had knowledge of the contraband and control of it unless there are additional independent facts and circumstances which affirmatively link the defendant to the contraband. *Harrison v. State, supra; Duff v. State, supra; Hernandez v. State, supra;*

*Barnes v. State*, 504 S.W.2d 450 (Tex.Cr. App.1974); *Hausman v. State*, 480 S.W.2d 721 (Tex.Cr.App.1972). This affirmative link is established by showing additional facts and circumstances which indicate the defendant's knowledge and control. *Harrison v. State, supra; Duff v. State, supra; Hernandez v. State, supra.*

■ A revocation of probation must be supported by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974); *Kelly v. State*, 483 S.W.2d 467 (Tex.Cr.App.1972). Regardless of the burden of proof, in a case such as the one before us, the defendant must be affirmatively linked to the contraband in a fashion which supports a reasonable inference that he knew he was in possession of the contraband. See *Harrison v. State, supra; Duff v. State, supra; Hernandez v. State, supra.*

■ Therefore, it is necessary to examine the record before this Court in order to find an affirmative link between appellant and the contraband. The record reflects that appellant did not own the car nor was he in exclusive possession of the car in which the marihuana was found. Neither was he the driver of the car. There is no evidence that appellant made any furtive gesture when the officer approached the car, or that appellant appeared to be nervous during this time. The record does not reflect that appellant or any of the passengers gave any conflicting stories, or that anyone made any suspicious or incriminating statements. There was no attempt by appellant or the other passengers to flee the scene. Officer Morrison testified that he did not smell the odor of marihuana on appellant's clothing, nor did he find any contraband on appellant when he searched him. There was no evidence that appellant appeared to be under the influence of any drug. The record does not reflect that the baggie of marihuana was in plain view of appellant, since it was under the seat and only an inch of plastic protruded. After a full search of the car, no more marihuana was found. The marihuana was not found in appellant's actual possession. The State did not attempt to

disprove the ownership of the contraband by the driver or the third passenger.

Thus, the only evidence linking appellant to the contraband was his proximity in the car to the place where the marihuana was found. Although Officer Morrison testified that he smelled a faint odor of marihuana in the car, he testified that it was not recent, and that he could not say if the odor was a day or a week old. The State did not present evidence that the contraband did not belong to the driver or the third passenger. Carr testified that the marihuana belonged to her; as the trier of fact, the trial judge was entitled to disbelieve her. *Rice v. State,* 548 S.W.2d 725 (Tex.Cr.App.1977). However, his disbelief of her testimony cannot be taken as evidence that the marihuana belonged to appellant, in light of the fact that two other persons were in the car and did not disclaim ownership of the contraband at trial.

Thus, we conclude that upon these facts the State has failed to prove by a preponderance of the evidence that appellant was in possession of the marihuana. Therefore, the trial court abused its discretion in revoking appellant's probation on this ground.

The judgment is reversed.