IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-467-CR





VICTOR CARR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0921427, HONORABLE BOB JONES, JUDGE PRESIDING



 




 A jury found appellant guilty of the offense of possession of a controlled substance
with intent to deliver, cocaine, in an amount less than twenty-eight grams. See Tex. Health &
Safety Code Ann. § 481.112(a)(b) (West 1992). The court assessed punishment, enhanced by two
prior felony convictions, at confinement for twenty-five years. In a single point of error,
appellant asserts that there is insufficient evidence to support the conviction because there is no
affirmative link between appellant and the controlled substance. We will overrule appellant's
point of error and affirm the judgment of the trial court.

 Eight Austin police officers entered apartment "A" at 2303 Coronado in Austin on
January 21, 1992, pursuant to a search warrant authorizing the arrest of appellant and search of
the premises. Upon entry of the apartment, the officer first saw appellant's brother, Jesse Carr,
described by one of the officers as a "flat-out drug addict." Appellant was then observed "leaving
the kitchen area--between the kitchen area and the living area." A search of appellant's person
revealed that he had two hundred seventy dollars in his possession. A search of a garbage can
in the kitchen resulted in the recovery of eighteen "quarter baggies" containing cocaine. Michael
King, an officer with the narcotics division, testified that his experience had shown that narcotics,
particularly cocaine, are sold out of baggies this size. Several pieces of foil discovered under the
couch were spot-tested by Ralph Owen, a forensic chemist at the Austin Police Department. 
Owen's test showed a "little bit" of cocaine on the foil. Officers testified that various drug
paraphernalia was found throughout the apartment. A syringe containing liquid was found in the
kitchen cabinet, a baking soda box was among the items recovered from the garbage can, a glass
tube containing a substance that tested positive as a controlled substance and straws were located
in the kitchen cabinet, and a syringe was found in the living room. Testimony of the narcotic
officers reflected that baking soda and straws are commonly used by a person who engages in
narcotic traffic.

 In reviewing the sufficiency of the evidence, we must determine whether, viewing
the evidence in the light most favorable to the conviction, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Casillas v. State, 733 S.W.2d 158, 160 (Tex. Crim. App. 1986),
appeal dismissed, 484 U.S. 918 (1987). The standard of review is the same for direct and
circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991). 
"Possession means actual care, custody, control or management." Tex. Health & Safety Code
Ann. § 481.002(38) (West 1992). Possession need not be exclusive, and evidence which shows
that the defendant jointly possessed it with another is sufficient. Wiersing v. State, 571 S.W.2d
188, 190 (Tex. Crim. App. 1978). When the accused is not in exclusive possession of the place,
there must be additional independent facts and circumstances that affirmatively link the accused
to the contraband. Id. at 190. The affirmative link can be established by showing additional facts
and circumstances that indicate the accused's knowledge and control of the contraband. Guiton
v. State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). 

 An envelope addressed to appellant at the address in question was found in the
living room. A bill from St. David's Health Care System to appellant at "23 3 Coronado" was
recovered from the dresser in the bedroom. Statements from City of Austin Utilities and Capitol
Emergency Associates, also found in the bedroom dresser, were addressed to appellant at "2303
Coronado." No documents were found in Jesse's name. Testimony of the officers showed that
the residence had been under surveillance as a known drug market. Officer John Nelson testified
that he had seen appellant at this residence a "lot of times over a great period of time." Officer
Manuel Pena stated that he had seen appellant at the apartment "at least a couple hundred times." 
A bicycle was observed in the bedroom during the search. Both Nelson and Pena testified that
they had seen appellant riding a bicycle around this residence "several times." Nelson and Pena
stated that they had never seen Jesse on a bicycle.

 When the officers entered the apartment, appellant was in close proximity to the
garbage bag containing the contraband and the drug paraphernalia. Pena stated that it was his
opinion that Jesse is "such a bad addict, if he had it [the cocaine], it would be gone--as quick as
he could shoot it into his arms--I don't think he could control himself--to sell it." A search of
appellant revealed that he had two hundred seventy dollars on his person. Viewing the evidence
in the light most favorable to the verdict, we hold that any rational trier of fact could have found
sufficient affirmative links between appellant and the contraband to find the essential elements of
the offense beyond a reasonable doubt. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice 

Before Justices Kidd, B. A. Smith and Davis*

Affirmed

Filed: April 20, 1994

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).