# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00674-CR

**Joe Scroggins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 99-741-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

Joe Scroggins appeals convictions for two counts of possession of controlled substances with intent to deliver and one count of possession of marihuana. *See* Tex. Health & Safety Code Ann. §§ 481.112, .121 (West Supp. 2001). Scroggins was tried before a jury and sentenced to fifty years' imprisonment for both counts of possession of controlled substances and confinement in a state jail facility for two years for possession of marihuana. In this appeal, Scroggins alleges five points of error. We determine that the trial court committed no reversible error and affirm the judgment of conviction.

## FACTUAL BACKGROUND

The Round Rock Police Department obtained a warrant to search Scroggins's house after conducting a "controlled buy" from Scroggins using a confidential informer on July 8, 1999. Police found Scroggins, Kim Farmer, John Tabor, Brandy Hansen, Don Clark, and Farmer's two children inside the house when they conducted their search. Police Sergeant James Stuart testified

that Farmer and the two children were in the living room, and the other adults were in the bedroom and bathroom area. When police entered the bedroom and bathroom area, they observed a large rock of methamphetamine, a scale, a mirror, a playing card, a spoon, straws, and some lines of methamphetamine on a counter outside of the bathroom. The rock and the lines of methamphetamine together weighed 26.64 grams. After Hansen exited the bathroom, police found a smaller rock of methamphetamine in the bathtub weighing 3.48 grams. Police found a wooden tray with 0.84 ounces of marihuana and marihuana paraphernalia on a nightstand in the bedroom, a tin with marihuana stems and seeds, a cigarette box with razorblades in it, a bank bag containing drug paraphernalia and three vials of cocaine totaling 0.57 grams, unused baggies typically used for packaging drugs, a bag containing 10.78 ounces of marihuana, a tin containing 1.44 grams of cocaine, and another tin containing ten packets of cocaine totaling 5.26 grams and $520 in cash. Police also found 1.05 ounces of marihuana on Tabor and a cigarette pack under Tabor that contained eight baggies of methamphetamine with a net weight of 1.83 grams.

## DISCUSSION

### *Identity of the Confidential Informer*

Scroggins argues in his first point of error that the trial court abused its discretion by refusing to grant Scroggins's motion for discovery of the identity of the confidential informer. The State of Texas has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting a law enforcement officer in an investigation of a possible violation of a law. Tex. R. Evid. 508(a). A court may require the identity of an informer to be disclosed, however, if the information from the informer is relied upon to establish the legality of the means by

2

which evidence was obtained and the court is not satisfied that the information was received from an informer reasonably believed to be reliable or credible. *Id.* 508(c)(3). The defendant has the threshold burden of demonstrating that identity must be disclosed. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). The mere filing of a Rule 508 motion is insufficient to obtain a hearing, much less compel disclosure. *Id.* Because the defendant often will not know the nature of the informer's testimony, the defendant is only required to make a plausible showing of how the informer's information may be important. *See id.* (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

In reviewing the trial court record, we find no motion for discovery of the informer's identity, nor do we find evidence presented to make a plausible showing of how the informer's information may be important. On the record, the defendant made three separate references to the informer's identity. First, the defendant requested a transcript of the tape with the name of the informer redacted. The trial court denied that request. The second reference came during the cross-examination of Sergeant Stuart, when Scroggins's attorney asked, "Who was that confidential source?" The prosecuting attorney objected to Scroggins's inquiring into the identity of the informer, and Scroggins's attorney replied, "He brought it up." The third reference came during the punishment phase of trial when the defendant twice asserted that he did not intend to uncover the informer's identity through cross-examination. At no time did the defendant specifically request disclosure of the informer's identity or explain why such disclosure was necessary to Scroggins's case. Scroggins did not meet the threshold burden during trial of demonstrating that identity must be disclosed, and his only request for disclosure of the informer's identity comes in his brief before this Court. We therefore overrule Scroggins's first point of error.

3

*Examination of the Audio Tape*

In Scroggins's second point of error, he asserts that the trial court abused its discretion in refusing to grant his motion to examine the tape of the July 8, 1999 conversation between the confidential informer and Scroggins. The Texas Code of Criminal Procedure gives the trial court discretion to grant or refuse discovery of materials requested from the State by the defendant. Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2001). Texas has chosen to follow a rule that requires the trial court to permit discovery only if the evidence sought is material to the defense of the accused. *Quinones v. State*, 592 S.W.2d 933, 941 (Tex. Crim. App. 1980).

Scroggins requested an opportunity to review the July 8 tape, but later he agreed to the trial court's proposal to conduct an *in camera* review of the tape to determine whether there was any audible material on it. The record does not indicate whether the trial court reached a determination of the tape's relevance. No ruling was made on the request, and Scroggins did not seek a ruling; thus, any error was not preserved for purposes of this appeal. *See Darty v. State*, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986).

Moreover, the trial court did not abuse its discretion by denying Scroggins's request to examine the tape of the July 8 conversation. The State provided uncontroverted testimony that law enforcement officials attempted to record the July 8 conversation, but that nothing was actually recorded on the tape because the recording equipment malfunctioned. Scroggins argues that the trial judge's letter of August 9, 2000, in which he summarizes his examination of a tape and partial transcript, shows that at least some of the July 8 conversation was recorded; however, Scroggins confuses the tape of the July 8 conversation with the tape of a December 31, 1999 conversation between Scroggins and an informer. The tape the trial judge referred to in the August 9, 2000 letter

and that the judge examined and ordered sealed is apparently the tape of the December 31 conversation, which is included in the record. There is no evidence that the trial court examined the tape of the July 8 conversation, and the July 8 tape was not included in the record provided to this Court. Because all evidence shows that the tape of the July 8 conversation between the informer and Scroggins yielded no record of the conversation, Scroggins failed to demonstrate its relevance to his defense. *See Quinones*, 592 S.W.2d at 941. Because we determine that there was no abuse of discretion and that any error was not preserved, we overrule Scroggins's second point of error.[1]

### Lesser-Included Offense Instruction

Scroggins requested a lesser-included charge of possession of less than one gram of methamphetamine, but the trial court denied the request. A defendant is entitled to an instruction on a lesser-included offense if there is evidence that would permit the jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). A court must charge the jury on a lesser offense in addition to the charged offense if (1) proof of the lesser offense is included within the proof necessary to establish the offense charged and (2) some evidence exists in the record that would permit a jury rationally to find the defendant guilty, if at all, of only the lesser offense. *See id.* at 673. If there was error in the charge

---

[1] Scroggins also filed a motion to unseal the portion of the record ordered sealed by the district court. The motion refers to the tape recording and its transcription that were examined by the court. In subsequent correspondence with this Court, Scroggins has clarified his request: "[T]he only tape to which we are interested in listening is that which was purportedly done on the afternoon of Mr. Scroggins's arrest on July 8, 1999, referred to in RR Vol. 2, p. 29 at lines 5-11." Because we have determined that there is no recording of the July 8 conversation, and that the tape recording and transcription examined by the district court is of the December 31 conversation, we deny Scroggins's "motion to unseal matters previously added in the clerk's record."

and the error was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than *some* harm must result from the error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Before applying a harm analysis, an appellate court must find error in the jury charge. *See Posey v. State*, 966 S.W.2d 57, 60 (Tex. Crim. App. 1998) (referencing *Almanza*, 686 S.W.2d at 174).

Police testimony shows that three separate amounts of methamphetamine were found in the house: 26.64 grams of lines and a rock by the bathroom sink, a 3.48 gram rock in the bathtub, and 1.83 grams in several packets under Tabor. Scroggins argues that a jury could have reasonably found him in possession of less than one gram based on the fact that evidence was offered that Scroggins is a methamphetamine user, and such users typically use less than one gram at a sitting. Scroggins also argues that the jury could have found that he possessed one of the individual packets of methamphetamine found under Tabor. Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge; however, there must be *some* evidence directly germane to a lesser included offense for the fact-finder to consider before an instruction on a lesser included offense is warranted. *Bignall v. State*, 887 S.W.2d 21, 23-24 (Tex. Crim. App. 1994).

We determine that there is no evidence that Scroggins possessed less than one gram of methamphetamine. Testimony offered by Sergeant Stuart that most methamphetamine users he comes into contact with use "a gram, maybe two grams at the most" is not evidence to prove that Scroggins, as a methamphetamine user, had possession of less than one gram of methamphetamine. There is no evidence that Scroggins actually used less than one gram. Furthermore, there is no evidence that Scroggins possessed only some of the packets of methamphetamine found under Tabor. It would be wholly illogical, based on the evidence presented, to find that Scroggins possessed one

or more of the packets found under Tabor but that he did not possess all of the packets found under Tabor or one or both quantities of methamphetamine found in the bathroom area. Thus, there is no evidence that would permit a jury rationally to find the defendant guilty, if at all, of only the lesser offense. *See Rousseau*, 855 S.W.2d at 672-73. Accordingly, we conclude that the trial court's denial of Scroggins's request for the lesser-included offense of possession of less than one gram of methamphetamine was not erroneous, and we overrule Scroggins's third point of error.

### *Motion for Mistrial*

Scroggins argues that the trial court abused its discretion in refusing to grant a mistrial following Sergeant Stuart's testimony that there was a pornographic video playing on the television in Scroggins's house when the police arrived. Scroggins posits that residents of Williamson County tend to be conservative and have a strong local bias against pornographic videos. Scroggins contends that the police officer's statement about the video was intended to inflame the jury; thus, a mistrial was necessary. The issue before us is whether the trial court erred in refusing to grant a mistrial in the face of the trial court's instruction to the jury to disregard that statement.

It has long been settled that

> error in admitting improper evidence may be generally corrected by a withdrawal and an instruction to disregard it except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds.

*Harris v. State*, 375 S.W.2d 310, 311 (Tex. Crim. App. 1964). In the instant case, Sergeant Stuart stated that he "noticed there was a television playing a pornographic movie" as he described what was

7

going on in Scroggins's house when he arrived. The trial court told the prosecutor to refrain from mentioning the television and instructed the jury to "please disregard the response concerning what was playing on TV." Although Sergeant Stuart's statement may be somewhat prejudicial, there is nothing to suggest that it was clearly calculated to inflame the minds of the jury, and it is not of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *See id.* Additionally, we note that Scroggins's attorney himself revisited the issue when he later asked Sergeant Stuart two questions regarding the television, and specifically asked, "And so the movie was being played on that TV?" Given the trial court's curative instruction to the jury and defense counsel's later references to the television, we overrule Scroggins's fourth point of error.

### *Sufficiency of the Evidence*

Scroggins argues that the evidence presented is both legally and factually insufficient to support his convictions in this case. We will first examine Scroggins's claim of legal insufficiency. A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance. Tex. Health & Safety Code Ann. § 481.112(a). The State had to prove that Scroggins knowingly or intentionally possessed methamphetamine and cocaine with intent to deliver. Scroggins argues that the State failed to provide sufficient evidence to prove an affirmative link between himself and the drugs, and that the State failed to prove his intent

8

to deliver. We will examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Johnson*, 23 S.W.3d at 7.

When the accused is not in exclusive control of the place where the substance is found, it cannot be concluded that the accused had knowledge and control over the contraband unless there are additional independent facts and circumstances that affirmatively link the accused to the contraband. *Wiersing v. State*, 571 S.W.2d 188, 190 (Tex. Crim. App. 1978). The State offered evidence that Scroggins lived at the residence at 1011 Ridgemont, that police had been observing unusual traffic patterns at the home for three or four months prior to the offenses, that some people who frequented the house had possession of drugs when they left the house, and that the drugs and drug paraphernalia were out in the open when police executed the search warrant. We determine that this evidence is legally sufficient to establish an affirmative link between Scroggins and the drugs found in the house.

Intent to deliver may be proven by circumstantial evidence, such as the quantity of drugs possessed, the manner of packaging, and large amounts of money. *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.—Dallas 1987, pet. ref'd). The State presented evidence that the amount of methamphetamine found in Scroggins's possession was more than a user would typically have, and that both methamphetamine and cocaine were packaged in eighteen separate baggies, which Sergeant Stuart testified is more indicative of drug sales than personal use. The State also showed that Scroggins possessed several baggies that had never been used, and that a drug dealer would typically have those on hand, but a drug user would not. The State offered evidence that $520 in cash was discovered in a tin containing ten packets of cocaine. Although Scroggins argues that all of this

9

evidence does not prove his intent to sell, we determine that a jury could find intent to deliver. It is not necessary to find that Scroggins intended to receive money in exchange for drugs to find intent to deliver; *any* transfer, actually or constructively, of a controlled substance to another is sufficient for finding delivery even in the absence of payment. *See* Tex. Health & Safety Code Ann. § 481.002(8) (West Supp. 2001). Because intent to deliver may be proven by circumstantial evidence, we conclude that the evidence discussed above is legally sufficient to prove that Scroggins intended to deliver controlled substances. *See Smith*, 737 S.W.2d at 941.

A factual sufficiency review dictates that the evidence be viewed in a neutral light, favoring neither party. *Johnson*, 23 S.W.3d at 7. We will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 6-7 (citing *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). Based on the evidence presented at trial, we cannot say that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust; on the contrary, we conclude that the evidence that tends to prove Scroggins's guilt outweighs any evidence which would disprove his guilt. *See id.* Scroggins argues that the absence of records of drug sales, photographs of drugs, or dilutants, and the presence of user paraphernalia would tend to disprove his intent to deliver. Scroggins also argues that the lack of any fingerprint evidence to directly link Scroggins to the drugs outweighs the evidence that links him to the drugs. We conclude that the large quantities of drugs openly visible in Scroggins's home, together with unused baggies, $520 in cash found in a tin containing cocaine, and a scale all evidence Scroggins's possession and intent to deliver. The strength of this evidence precludes us from concluding that the verdict is so contrary to the overwhelming weight of the evidence as to be clearly

wrong and unjust. Because we determine that the evidence is both legally and factually sufficient, we overrule Scroggins's fifth point of error.

## CONCLUSION

We determine that Scroggins did not properly move for disclosure of the informer's identity and that the alleged error was not preserved. Additionally, we hold that the trial court did not err in refusing to grant Scroggins's motion to examine the audiotape of the July 8 conversation between Scroggins and the informer, nor in refusing to grant the motion for the lesser-included offense instruction, or in refusing to grant the motion for mistrial. We hold that the evidence is both legally and factually sufficient to support the jury's verdict. Accordingly, we affirm the trial court's judgment of conviction on all three counts.

—

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: July 26, 2001

Do Not Publish

11