In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00177-CR

                                                ______________________________

 

 

                                       KERMIT LUCAS,
JR., Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 188th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 35610-A

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Kermit
Lucas, Jr., was placed on community supervision for a period of seven years in June
2007 after having been sentenced to ten years’ imprisonment for failure to
register as a sex offender.[1]  In September 2009, the trial court revoked
Lucas’s community supervision, finding Lucas violated its terms when found in
possession of marihuana and cocaine.[2]  Lucas appeals the judgment revoking community
supervision, claiming the evidence was factually insufficient to support
revocation.  Because there was sufficient
evidence upon which the trier of fact could conclude that the State proved by a
preponderance of the evidence that Lucas intentionally and knowingly possessed
marihuana and cocaine, we affirm the judgment of the trial court.

I.          BACKGROUND

            Officer Brandon
Burns of the Kilgore Police Department called for backup when he initiated a
traffic stop of a vehicle operated by Dekeimus Derrell Jones for failure to
stop at a designated stop sign.[3]  As Burns approached the vehicle, the driver
put the car in reverse, which alarmed Burns. 
Burns also noticed the passenger—Lucas—moving quite a lot.  Jones gave Burns consent to search the
vehicle, whereupon Burns located a small white rock inside a plastic bag in the
center between the driver’s seat and the front passenger’s seat on the
floorboard in a cup holder.  Burns
believed the rock to be cocaine, and it later tested positive as such.  The cocaine was not concealed and was within
reach of both Jones and Lucas.  Burns
believed the cocaine to be in the care, custody, and control of Lucas.  

            Officer
Josh Sims, also of the Kilgore Police Department, responded to the call for
backup.  As Sims searched the passenger’s
side of the vehicle, he discovered a baggie of marihuana in a hole in the
passenger’s side door.  The hole was
large enough to easily reach into, and looked as if it had once held a car
stereo speaker.  Sims was able to easily
view the space containing the baggie of marihuana during his search.  While the marihuana was easily within reach of
Lucas from the passenger’s seat, Sims could not affirmatively testify that
Lucas was aware of the presence of marihuana.[4]

            At
the time of his arrest, Lucas had only known Jones for approximately three
weeks—the two having met when Jones moved into the house that Lucas and his
brother shared.[5]
 Prior to the traffic stop resulting in
Lucas’s arrest, he and Jones had left the house to get something to eat.  They were returning home when the traffic
stop was initiated.  Lucas stated that he
was unaware that marihuana was located in the passenger’s door, and he did not
see the cocaine in the cup holder on the floor between the two front
seats.  

            When
questioned about the furtive movements described by Burns, Lucas stated that he
was nervous and fidgety because he was on community supervision and there was a
chance he would go to jail.  He later
stated, however, that while he did not then believe he would go to jail, he
just did not like to be stopped by law enforcement officers.  Lucas testified that when the narcotics were
located during the search, he implored Jones to confess to his possession of
them, but no such confession was ever given.[6]  

            Lucas
testified that at the time of his arrest, he had been on community supervision for
over two years, and this was his first violation.  Reporting, fees, and community service were
all up to date.  This was verified by
Lucas’s community supervision officer, Rex Fennell.  Lucas further stated that he has a son who
had trouble with drugs, and for that reason, he hates drugs and wants nothing
to do with them.  

II.        ANALYSIS

            A.        Standard of Review

            In a revocation
hearing, the State must prove by a preponderance of the evidence that a
defendant violated the terms of his community supervision.  Moreno
v. State, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999) (en banc); Armstrong v. State, 82 S.W.3d 444, 448
(Tex. App.––Austin 2002, pet. ref’d).  If
the State meets its burden of proof, it is within the trial court’s discretion
to revoke community supervision.  Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984).  Said another
way, the trial court’s discretion is not absolute; the State must prove every
element of at least one ground for revocation by a preponderance of the
evidence.  In re T.R.S., 115 S.W.3d 318, 320 (Tex. App.––Texarkana 2003, no
pet.).  This standard is satisfied when
the greater weight of the credible evidence creates a reasonable belief that
the defendant violated a condition of community supervision.  Allbright
v. State, 13 S.W.3d 817, 819 (Tex. App.––Fort Worth 2000, pet. ref’d).  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and
the evidence should be reviewed in the light most favorable to the trial court’s
ruling.  Cardona, 665 S.W.2d at 493; Cherry
v. State, 215 S.W.3d 917, 919 (Tex. App.––Fort Worth 2007, pet. ref’d).

            B.        The Evidence Was Factually Sufficient to
Support Revocation

            Each finding in
support of the trial court’s decision to revoke community supervision centers
either upon Lucas’s possession of cocaine or of marihuana.[7]  The essential elements of possession of a
controlled substance are:  (1) the
defendant exercised actual care, control, and management over the contraband;
and (2) the defendant knew the substance in his possession was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Murphy v. State, 200 S.W.3d 753, 761 (Tex. App.––Texarkana 2006), aff’d, 239 S.W.3d 791 (Tex. Crim. App.
2007); see Tex. Health & Safety Code Ann. § 481.115(f) (Vernon Supp.
2009).  “Possession” is defined as “actual
care, custody, control, or management.”  Tex. Penal Code Ann. § 1.07(a)(39)
(Vernon Supp. 2009).  

            Where,
as here, an accused is not in exclusive possession of the place where
contraband is found, additional independent facts and circumstances must be
developed which affirmatively link the defendant to the contraband in order to
raise a reasonable inference of the defendant’s knowledge and control of the
contraband.  Poindexter, 153 S.W.3d at 406.  This affirmative links rule is designed to
protect an innocent bystander from conviction merely because of fortuitous
proximity to someone else’s drugs.  Evans v. State, 202 S.W.3d 158, 162
(Tex. Crim. App. 2006).  While mere
presence in the vicinity of a controlled substance is insufficient to show
possession, presence or proximity, when combined with other direct or
circumstantial evidence, may well be sufficient to establish possession by a
preponderance of the evidence.  See id. (direct or circumstantial
evidence may be sufficient to establish possession beyond a reasonable
doubt).  The evidence affirmatively
linking the accused to the contraband “must establish, to the requisite level
of confidence, that the accused’s connection with the drug was more than just
fortuitous.”  Poindexter, 153 S.W.3d at 405–06.

            The following is a
nonexclusive list of factors that have been found to be sufficient, either
singly or in combination, to establish a person’s possession of contraband:  (1) the defendant’s presence when a search is
conducted; (2) whether the contraband was in plain view; (3) whether the
contraband was in close proximity to, or accessible by, the defendant; (4)
whether the place where the contraband was found was enclosed; (5) whether the
defendant was under the influence of narcotics when arrested; (6) whether the
defendant possessed other contraband or narcotics when arrested; (7) whether
the defendant made incriminating statements when arrested; (8) whether the
defendant attempted to flee; (9) whether the defendant made furtive gestures;
(10) whether there was an odor of contraband present at the scene; (11)
whether other contraband or drug paraphernalia were present; (12) whether the
defendant owned or had a right to possess the place where the contraband was
found; (13) whether the defendant was found with a large amount of cash; (14)
whether the defendant possessed weapons; and (15) whether conduct of the
defendant indicated a consciousness of guilt. 
Hargrove v. State, 211 S.W.3d
379, 385–86 (Tex. App.––San Antonio 2006, pet. ref’d).

            Lucas
contends the evidence is factually insufficient because it does not
affirmatively link him to the marihuana or the cocaine.  We disagree. 
While Lucas was not in exclusive possession of the vehicle where the
marihuana and cocaine were found and the vehicle did not belong to him, there
was evidence of several additional factors and circumstances that could be used
to demonstrate his awareness of and control of the two items of contraband.  Lucas had been present in the vehicle when
the traffic stop occurred and the search was conducted.  The marble-sized rock of cocaine was in plain
view in a cup holder on the floorboard between the driver’s and passenger’s
seats and it was easily accessible to Lucas. 
The marihuana was found on the side of the car where Lucas had been
riding; although it was in a hole in the door, there was testimony that it was
within his sight and within his easy reach. 
Further, when Burns initiated the stop, he saw Lucas making furtive
gestures, causing Burns to then suspect that Lucas may have been attempting to
conceal something.[8]  In addition, Lucas testified that he was
nervous when the traffic stop was initiated, believing there was a chance that
he would go to jail.  Although Lucas
later altered this testimony somewhat, such a statement could evidence a
consciousness of guilt.  Each of these
factors creates an affirmative link tying Lucas to the cocaine and
marihuana.  The number of factors or
links present is not as important as the logical force those factors have in
establishing the elements of the offense.  Hargrove, 211 S.W.3d at 386.

            We
are mindful that Lucas indicated a strong dislike for drugs, did not own the
vehicle in question, and adamantly denied any knowledge of the presence of
cocaine and marihuana within its confines. 


            Cases
with similar evidence wherein the reviewing court found insufficient evidence
to sustain a finding by a preponderance of the evidence after a hearing on
revocation are not abundant.  We find
some similarity in the facts here to those in Wiersing v. State, 571 S.W.2d 188 (Tex. Crim.
App. [Panel Op.] 1978).  In it, Wiersing
was a passenger in a vehicle in which illicit drugs were found after a traffic
stop.  The drugs were found on Wiersing’s
side of the automobile and within his easy reach.  The distinction lies in the fact that in Wiersing, the driver of the vehicle
admitted to the ownership of the drugs and maintained that Wiersing had no
knowledge of them.  Here, although Lucas
asked Jones, the owner of the car and its sole other occupant, to make similar
statements regarding Lucas’s lack of connection to the drugs, no such
exculpatory statements were made on his behalf. 

            The
trial court remains the sole judge of the witnesses’ credibility, and may “believe
all, some, or none of the testimony.”  See Chambers v. State, 805 S.W.2d 459,
461 (Tex. Crim. App. 1991).  Viewing the
evidence in the light most favorable to the judgment of the trial court, we
determine under that standard that the trier of fact could have concluded that
the greater weight of the credible evidence created a reasonable belief in him
that Lucas violated a condition of community supervision.  See Allbright, 13 S.W.3d at 819.  Accordingly, the trial court was within its
discretion to so find.  

            As
entered, the judgment revoking community supervision finds all of the
allegations in the motion to revoke to be true.  In so stating, the written judgment does not
comport with the judgment pronounced by the court because the trial court
specifically omitted a finding of “true” as to allegation number five of the
motion (i.e., that Lucas had failed to avoid persons or places of disreputable
or harmful character or was present where a criminal offense was being
committed).  This Court has the authority
to modify the judgment to make the record speak the truth when the matter has
been called to our attention by any source. 
French v. State, 830 S.W.2d
607 (Tex. Crim. App. 1992).  In Asberry v. State, 813 S.W.2d 526 (Tex.
App.––Dallas 1991, pet. ref’d), the court noted that the authority of the
appellate court to modify incorrect judgments is not dependent on request of
any party; the appellate court may act sua sponte.  The Texas Rules of Appellate Procedure
provide direct authority for this Court to modify the judgment of the trial
court.  Tex.
R. App. P. 43.2.  We modify the
judgment to omit the finding of “true” to allegation number five.  

            As modified, we affirm the judgment
of the trial court.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May 13, 2010

Date Decided:             May 14, 2010

 

Do Not Publish











[1]See Tex.
Code Crim. Proc. Ann. art. 62.102(b)(2)
(Vernon 2006).

 





[2]At
the conclusion of the hearing, the trial court found allegations one through
four of the State’s amended motion to revoke community supervision to be
true.  The trial court did not find
allegation number five to be true.  That
allegation reads:

 

                5.  That the
defendant, Kermit W. Lucas, has violated condition (3) of his probation by
failing to avoid persons or places of disreputable or harmful character or
being present where a criminal offense is being committed.

 





[3]The
vehicle, which was not registered to either Jones or Lucas, also had an expired
registration, although Jones had said he purchased the vehicle.  





[4]Neither
Jones nor Lucas ever admitted to ownership of the cocaine and marihuana.  

 





[5]Lucas
lives with his brother and his brother’s girlfriend.  Jones is the son of Lucas’s brother’s
girlfriend.  





[6]Lucas
maintained that he did not know anything about Jones.  

 





[7]These
findings are:

 

                1.  That the
defendant, Kermit W. Lucas, has violated condition (1) of his probation in that
on or about July 21, 2009, in Gregg County, Texas, the defendant did then and
there possess a controlled substance listed in penalty group 1 of the Texas
Controlled Substances Act, namely cocaine, in an amount of one gram or less.

 

                2.  That the
defendant, Kermit W. Lucas, has violated condition (1) of his probation in that
on or about July 21, 2009, in Gregg County, Texas, the defendant did then and
there possess a usable quantity of marihuana in an amount of two ounces or
less.

 

                3.  That the
defendant, Kermit W. Lucas, has violated condition (2) of his probation in that
on or about July 21, 2009, in Gregg County, Texas, the defendant did then and
there possess a controlled substance, to-wit: cocaine.

 

                4.  That the
defendant, Kermit W. Lucas, has violated condition (2) of his probation in that
on or about July 21, 2009, in Gregg County, Texas, the defendant did then and
there possess a controlled substance, to-wit: marijuana.

 





[8]“Furtive”
gestures are generally defined as those which are surreptitious, underhanded,
or done by stealth.  Lopez v. State, 267 S.W.3d 85, 94 n.26 (Tex. App.––Corpus Christi
2008, no pet.) (citing Merriam-Webster’s
Collegiate Dictionary 474 (10th ed. 1993)).