

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00106-CR
_____

ROBERT WILLARD RAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. CR21506

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Robert Willard Ray appeals his conviction for sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Supp.). After reviewing the record and applicable law, we find that (1) Ray did not preserve his appellate complaint concerning testimony of the sexual assault nurse examiner, (2) the trial court did not err in denying Ray's motion for a mistrial, and (3) the trial court did not err in prohibiting a defense witness from testifying. We affirm the trial court's judgment.

## I. Background

When Vivian[1] was fifteen years old, she made allegations of sexual abuse against Ray, an adult male acquaintance of Vivian's mother. Vivian was examined by a sexual assault nurse examiner (SANE) and spoke to a forensic interviewer. A Titus County jury found Ray guilty of sexual assault of a child, and the trial court sentenced him to twenty years' imprisonment.[2]

## II. Ray Did Not Preserve His Complaint About SANE Testimony

Ray complains that the trial court abused its discretion by admitting the testimony of SANE Taryn Davis. The State offered Davis's testimony under the medical-diagnosis exception to the rule against hearsay testimony. *See* TEX. R. EVID. 803(4). Ray complains that "Davis's testimony retold [Vivian]'s account of the assault with lengthy details that had no pertinent

---

[1]We use a pseudonym to refer to the child complainant and describe witnesses and their relations in a manner to protect the identity of the child victim. *See* TEX. R. APP. P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2]The court also assessed a $10,000.00 fine.

bearing on receiving medical treatment." However, Ray did not make this objection to the trial court and did not preserve it for our review.

## A.     Standard of Review

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). As stated in *Resendez v. State*,

> Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (quoting TEX. R. APP. P. 33.1(a)(1)(A)). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Id.* As explained in *Resendez*,

> Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

## B.     Analysis

After Davis testified to her credentials, training, and experience, the State asked her about Vivian's statements during the examination. Ray objected that Davis's answer would contain

3

hearsay and conducted a voir dire examination of her. After Davis described her degrees, including a bachelor's in nursing and a master's in nursing administration, Ray asked if those "degrees qualif[ied her] to make a diagnosis." Davis replied, "Just a nursing diagnosis, yes, sir." Ray also elicited testimony from Davis that a diagnosis by her would not correlate to those found "in the DSM[3] book." Ray then objected to Davis's testimony, telling the court, "She can't make a diagnosis. Everything is hearsay." In sum, the trial objection challenged Davis's qualifications as a medical provider, not the scope of the information she would offer.

Ray's brief complains of something different, namely, that Davis was allowed to testify to statements made by Vivian during the examination that "went well beyond what was necessary for medical treatment." Unfortunately, Ray does not explain which statements he is complaining of or make any argument challenging Davis's qualifications to diagnose Vivian.[4] The objection made to the trial court does not comport with the appellate point of error. Because Ray did not present his appellate complaint first to the trial court, he did not preserve it for our review. The first point of error is overruled.

III.    No Error in Denying Request for Mistrial

Ray's second point of error complains that the trial court should have granted Ray's request for a mistrial. The State was questioning Martha Dykes, a forensic interviewer who spoke to Vivian about Ray's abuse. Ray objected to a question by the State, and the court sustained his objection. Ray did not request an instruction to disregard the State's question and,

---

[3]Presumably, this refers to the *Diagnostic and Statistical Manual of Mental Disorders*. *See Petetan v. State*, 622 S.W.3d 321, 325 n.6 (Tex. Crim. App. 2021).

[4]Davis testified that she discovered two hymenal tears in her examination of Vivian and that those wounds were consistent with Ray's actions as related by Vivian.

4

instead, moved for a mistrial, which the trial court denied. We find no abuse of discretion by the trial court.

### A.     Ray's Motion for Mistrial

The State presented testimony from Dykes about her interview with Vivian. Vivian had told Dykes about intimate photos Vivian had taken with her cell phone of herself, partially unclothed. The State began to ask a question, and Ray objected:

> Q      [(BY THE STATE):] . . . . Regardless of what was on her phone, does that make it ok for [Ray] to force her head --
>
>> [(BY RAY'S COUNSEL)]: Objection --
>
> Q      (BY [THE STATE:])  -- onto his --
>
>> [(BY RAY'S COUNSEL)]: -- Judge.
>
> Q      (BY [THE STATE:])  -- penis?
>
>> THE COURT:  Sustained.
>
>> [(BY RAY'S COUNSEL)]: That's improper.
>
>> (Pause in proceedings.)
>
>> [(BY RAY'S COUNSEL)]: Was that a sustained, Judge?
>
>> THE COURT:  It was.
>
>> [(BY RAY'S COUNSEL)]: I'd move for a mistrial.

The trial court sent the jury out of the courtroom, and Ray complained that the State had asked Dykes "the ultimate issue before the jury," whether it was "right for this man to do it just because this girl made dirty pictures" "on her phone," which was "just outside of the bounds of decency."

5

The State responded that, even if its question were improper, "it could be cured by an instruction to the jury to disregard that question." The State continued, "It wasn't answered and any problem would be fixed that way." The court denied Ray's request for a mistrial and called the jury back into the courtroom. Ray did not ask the court to instruct the jury to disregard the State's last question. The State passed the witness, Ray did not question her, and the trial proceeded.

**B.      Because No Lesser Remedy Was Sought, No Abuse of Discretion Was Shown**

As stated in *Ladd v. State*,

> A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error.

*Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "Because it is an extreme remedy, a mistrial should be granted 'only when residual prejudice remains' after less drastic alternatives are explored." *Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009) (quoting *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005, pet. granted)). "Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative." *Id.* at 885.

*Ladd* also stated,

> The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. [*Hernandez v. State*, 805 S.W.2d 409, 413–14 (Tex. Crim. App. 1990).] A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of

6

such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. [*Id.*]

*Ladd*, 3 S.W.3d at 567.[5]

Ray did not ask the trial court to instruct the jury to disregard the State's question. Nor does he explain to this Court why such an instruction would have been ineffective. In limited circumstances, the Texas Court of Criminal Appeals has found that an instruction to disregard would have been ineffective to ameliorate the harm of an improper question. In *Pierson*, that court affirmed this Court's holding that the defendant's first question to a child sexual assault complainant, "Did you also make an allegation that [Appellant] did these same things to his own daughter?" could not have been cured by an instruction to disregard. *Pierson*, 426 S.W.3d at 766, 775 (alteration in original). The Texas Court of Criminal Appeals's holding rested, in part, on this Court's "great deference" to "the trial [court, which] is still in the best position to gauge whether the jury has been biased because the judge listened to the tone of the question as it was delivered and observed the apparent reaction of jurors." *Id.* at 774.

In *Moore v. State*, the trial court improperly offered hypothetical corroborative reasons supporting the complainant's testimony. *Moore v. State*, 624 S.W.3d 676, 680–81 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). The trial court's instruction to the jury to "please disregard [the court's] statement" was insufficient to cure the harm injected. *Id.* at 680. In *Trevino v. State*, the State pointed out, in closing argument, that Trevino had not testified in his own behalf. *Trevino v. State*, 979 S.W.2d 78, 79 (Tex. App.—Austin 1998, pet. ref'd). Because

---

[5]For purposes of resolving this issue, we assume the State's question was improper, though neither party addresses this issue. An improper question is one that "would not lead to admissible evidence." *Pierson v. State*, 426 S.W.3d 763, 767 (Tex. Crim. App. 2014).

"[t]he prosecutor's remarks were uninvited, and were of such adverse effect and inflammatory character, . . . an instruction to disregard was insufficient to cure the error." *Id.* at 80.

Here, the State asked a question that likely could not have led to admissible evidence. The witness, however, did not answer. The question was interrupted by Ray's objection, and from the reporter's record, it seems the parties were probably talking over each other until the trial court sent the jury out of the courtroom. Ray has not argued, and we do not find, that the State's question was "clearly calculated to inflame the minds of the jury" or "of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Waldo v. State*, 746 S.W.2d 750, 752 (Tex. Crim. App. 1988) (quoting *Harris v. State*, 375 S.W.2d 310, 311 (Tex. Crim. App. 1964)). In his appellate brief, Ray states that "[a] limiting instruction could have cured the problem created by the State's question but was not given to the jury." However, Ray did not ask for the instruction.

We find no abuse of discretion in the trial court's denial of Ray's motion for a mistrial. We overrule this point of error.

## IV.    No Abuse of Discretion in Excluding Defensive Witness

Ray complains in his last point of error that the trial court abused its discretion by precluding Ray from presenting testimony of Beverly Gallegos, who had known Vivian since Vivian was born. Ray sought to present Gallegos's testimony regarding her opinion about Vivian's reputation for truthfulness. We find no abuse of discretion in the trial court's ruling.

8

## A. Standard of Review

"We review a trial court's decision to admit or exclude evidence for an abuse of discretion." *Flowers v. State*, 438 S.W.3d 96, 103 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). "Abuse of discretion occurs only if the decision is 'so clearly wrong as to lie outside the zone within which reasonable people might disagree.'" *Id.* (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g))). "We may not substitute our own decision for that of the trial court." *Id.* (citing *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)). "We will uphold an evidentiary ruling if it was correct on any theory of law applicable to the case." *Id.* (citing *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009)).

## B. Application

The State examined Gallegos, out of the jury's presence, to determine the nature of her proposed testimony. When asked her opinion of Vivian's "reputation for truthfulness or untruthfulness," Gallegos answered, "It varies depending on whether she -- how she feels, if she's going to get in trouble, [or] if she's not." The State asked Gallegos, "So this is just from specific instances of you dealing with her, sometimes she's truthful and sometimes she's not[?]" Gallegos answered, "Yes." Gallegos agreed with the State that she had "not had conversations with members in the community, people in church, her school circles, where [Gallegos] ha[d] heard from them . . . that [Vivian] [wa]s not truthful." During questioning by Ray, Gallegos said she had witnessed Vivian lie to Vivian's mother and to Gallegos's husband.

9

Rule 608(b) of the Texas Rules of Evidence precludes the admission of evidence offered "to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness."[6] From the voir dire testimony elicited from Gallegos, it is clear she had only particular, specific instances of conduct by Vivian to share with the jury. After the above voir dire examination of Gallegos, Ray made no further argument and no offer of general reputation evidence that Gallegos could present.[7] We find no abuse of discretion in the trial court's ruling. This point of error is overruled.

## V.    Conclusion

We find no merit to Ray's points of error. We affirm the trial court's judgment.


Charles van Cleef
Justice


Date Submitted:      December 22, 2023
Date Decided:        February 9, 2024

Do Not Publish

---

[6]TEX. R. EVID. 608(b). The rule includes an exception not applicable here.

[7]To preserve claimed error in the exclusion of evidence, a party must inform the court of the substance of the excluded evidence "by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2).